Opinion issued December 31, 2009



 



 



 





In The

Court of Appeals

For The

First District of Texas

 



 

NO. 01-08-00712-CV





THE CITY OF HOUSTON, TEXAS, 

HARRIS COUNTY MUNICIPAL UTILITY DISTRICT 132, 

HARRIS COUNTY MUNICIPAL DISTRICT 157, 

AND HARRIS COUNTY MUNICIPAL UTILITY DISTRICT 152, Appellants

 

V.

 

JOEL GUTHRIE d/b/a SARGES FIREWORKS, 

FIREWORKS CENTER 50, LLC, 

PAUL DEWEY JONES d/b/a FREEDOM 2000 FIREWORKS, 

METRO CHURCH,

AND GULF COAST AVENUE C, LLC, Appellees


 

 




On Appeal from the 269th District Court 

Harris County, Texas, 

Trial Court Cause No. 2008-34695






O P I N I O N 


 This is an accelerated interlocutory appeal pursuant to Section 51.014(a)(8)
of the Texas Civil Practice and Remedies Code, filed by Appellants, The City of
Houston, Texas ("the City"), Harris County Municipal Utility District 152 ("MUD
152"), and Harris County Municipal Utility District 157, and Harris County
Municipal Utility 132 ("MUDs 157 and 132"). Appellants complain the trial court
wrongly denied their pleas to the jurisdiction. Appellees Sarges Fireworks,
Fireworks Center 50, LLC, and Freedom 2000 Fireworks ("Fireworks Operators")
own and operate fireworks stands outside the City's limits. Appellees Metro
Church and Gulf Coast Avenue C, LLC ("Property Owners"), (1) are the owners of
the real property leased to these businesses. Fireworks Operators and Property
Owners filed this suit challenging the City's and MUDs' use of certain strategic
partnership agreements and the Houston City Fire Code to ban the sale of
fireworks outside the City's limits where the businesses and the real property are
located. We reverse, in part, and affirm, in part, the trial court's denial of the pleas
to the jurisdiction. We remand this cause to the trial courts for proceedings
consistent with this opinion. 

BACKGROUND

In 2008, the City entered into strategic partnerships with MUD 152, and
MUDs 157 and 132. These strategic partnerships allowed the City to annex, via a
Limited Purpose Annexation ("LPA"), certain areas within those MUDs. The City
annexed roadways along which Property Owners' real property was located, but
did not annex the actual parcels of property. This arrangement allowed the City 
to collect a two percent sales tax from these areas, and allowed the MUDS to
benefit from certain services provided by the City. One of the services provided by
the City in these areas is the enforcement of the City's Fire Code, including the ban
on possession of fireworks in the Fire Code. 

Fireworks Operators and Property Owners filed suit against the City and
MUDs 135, 157 and 132, alleging the LPAs unlawfully extended the City's
ordinances regarding fireworks to areas outside of the City's limits. Fireworks
Operators and Property Owners allege the City intends to stop motorists traveling
on the annexed roadways (along which Property Owners' real property is located),
so police officers might search vehicles for fireworks and issue citations for
violating the City's Fire Code if motorists are found in possession of fireworks. 
Fireworks Operators allege they are "engaged in interstate and intrastate commerce
in their purchase, distribution and sale of fireworks" and these City actions will
prevent them from "moving their lawful products, stocking their legal locations
and lawfully selling to [their] long-time customers." Fireworks Operators and
Property Owners argue the enforcement of the City's Fire Code, and the search of
vehicles for fireworks along the specific roadways upon which the businesses are
located, will "place absolute bars to access or exit" on the businesses. Fireworks
Operators and Property Owners allege this enforcement threatens to substantially
impair the operations, profits and goodwill accrued by the businesses and will
damage the commercial interest of Property Owners by reducing the commercial
value of the property they lease to Fireworks Operators. 

Fireworks Operators and Property Owners claim the City's actions constitute
an unconstitutional taking, as well as an unconstitutional exercise of police power. 
They allege claims under the Texas Private Real Property Rights Preservation Act
("PRPRPA") for unlawful government taking of property and proprietary rights
without just and due compensation. Fireworks Operators and Property Owners
also claim the City and MUD's actions are an unconstitutional taking of property
under the United States Constitution, exceed governmental authority, are ultra vires
acts, and constitute tortious interference, deprivations of "equal rights under the
law," and interference with the liberty interest of Harris County citizens to travel
freely in unincorporated areas. Accordingly, Fireworks Operators and Property
Owners sought a temporary injunction and declaratory judgments in their favor. 

 Fireworks Operators and Property Owners allege the City's and MUDs'
sovereign immunity to this action has been waived by statute and because they
asserted claims for the unconstitutional taking of their property, for which the City
and the MUDs do not have sovereign immunity. 

The trial court granted a temporary injunction regarding one of the
Fireworks Operators, prohibiting the City and MUD 157 from "imposing a ban on
the possession of fireworks on FM 529 in the vicinity of Fireworks 50, LLC." The
City filed a motion to dissolve the temporary injunction. The trial court denied the
City's motion to dissolve the temporary injunction. 

The City and MUDs filed pleas to the jurisdiction. The trial court denied the
pleas to the jurisdiction.

This appeal followed. In this appeal, the City and MUDs complain the trial
court erred by denying their pleas to the jurisdiction. The City also complains the
trial court erred by denying its motion to dissolve the temporary injunction. 

PLEAS TO THE JURISDICTION

We first address the jurisdictional issues raised by the City and the MUDs. 
The City and MUDs complain the trial court erred by denying their pleas to the
jurisdiction. Specifically, the City and MUDs complain the trial court lacked
jurisdiction to consider the claims because Fireworks Operators and Property
Owners failed to properly plead jurisdictional facts and actions by the City and the
MUDs within a valid legislative waiver of immunity from suit under PRPRPA, the
United States and Texas Constitutions, or the Texas Torts Claims Act. They also
contend Fireworks Operators and Property Owners failed to plead facts essential to
the subject-matter jurisdiction of the trial court to consider their requests for
declaratory or injunctive relief. 

This court has appellate jurisdiction to consider an interlocutory order
denying a governmental unit's plea to the jurisdiction. Tex. Civ. Prac. & Rem.
Code § 51.014(a)(8) (Vernon Supp. 2007).

I. Standard of Review

 A plea to the jurisdiction based on governmental immunity challenges a trial
court's subject matter jurisdiction. State v. Holland, 221 S.W.3d 639, 642 (Tex.
2007); Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Subject
matter jurisdiction is essential for a court to have authority to decide a case; it is
never presumed and cannot be waived. Alfonso v. Skadden, 251 S.W.3d 52, 55
(Tex. 2008) (per curiam) (subject matter jurisdiction cannot be waived and can be
raised at any time); Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440,
443-44 (Tex. 1993). (2)
 "Not only may an issue of subject matter jurisdiction be
raised for the first time on appeal by the parties or by the court, a court is obliged
to ascertain that subject matter jurisdiction exists regardless of whether the parties
have questioned it." Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser, 140
S.W.3d 351, 358 (Tex. 2004). Fireworks Operators and Property Owners do not
dispute that the actions at issue are governmental functions by governmental
entities, which would generally entitle these entities to sovereign immunity. (3) We review the trial court's ruling on a plea to the jurisdiction under a de
novo standard. Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 228
(Tex. 2004). If the plea challenges the sufficiency of the claimant's pleadings, the
trial court must construe the pleadings liberally in the claimant's favor and deny
the plea if the claimant has alleged facts affirmatively demonstrating jurisdiction to
hear the case. If the pleadings are insufficient, the court should afford an
opportunity to replead if the defects are potentially curable but may dismiss if the
pleadings affirmatively negate the existence of jurisdiction. Id. at 226-27; see also
Texas A & M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 839-40 (Tex. 2007) ("[A]
plaintiff may stand on his pleadings in the face of a plea to the jurisdiction unless
and until a court determines that the plea is meritorious. . . . [t]hereafter . . . the
plaintiff must be given a reasonable opportunity to amend his pleadings to attempt
to cure the jurisdictional defects found unless the pleadings are incurably
defective."). 

 If the plea to the jurisdiction challenges the existence of jurisdictional facts,
the trial court must consider relevant evidence submitted by the parties. Id. at 227. 
If the evidence creates a fact question regarding jurisdiction, then the trial court
cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the
fact-finder. But if the relevant evidence is undisputed or fails to raise a fact
question on the jurisdictional issue, the trial court rules on the plea to the
jurisdiction as a matter of law. Id. at 227-28. In reviewing the evidence presented
in support of the plea to the jurisdiction, we take as true all evidence favorable to
the nonmovant. Id. at 228. We indulge every reasonable inference and resolve any
doubts in the nonmovant's favor. Id. "[T]his standard generally mirrors that of a
summary judgment under Texas Rule of Civil Procedure 166a(c) . . . . By
requiring the [political subdivision] to meet the summary judgment standard of
proof in cases like this one, we protect the plaintiffs from having to put on their
case simply to establish jurisdiction." Id. (internal quotations and citation
omitted); accord Dallas County v. Wadley, 168 S.W.3d 373, 377 (Tex.
App.--Dallas 2005, pet. denied) ("[On a plea to the jurisdiction,] the burden is on
the government to meet the summary judgment standard of proof.").

 We remain mindful of the Texas Supreme Court's admonishment that,
although the plaintiff's claims may form the context against which the
jurisdictional plea is determined, the plea generally "should be decided without
delving into the merits of the case." Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d
547, 554 (Tex. 2000). In general, "the proper function of a dilatory plea does not
authorize an inquiry so far into the substance of the claims presented that plaintiffs
are required to put on their case simply to establish jurisdiction." Id.at 554. 
Finally, where the pleas to the jurisdiction challenged each and every cause of
action or claim asserted in the petition, jurisdiction must be examined on a claim-by-claim basis. Thomas v. Long, 207 S.W.3d 334, 338-39 (Tex. 2006) ("[I]t is
proper for a trial court to dismiss claims over which it does not have subject matter
jurisdiction but retain claims in the same case over which it has jurisdiction.").

II. The Private Real Property Rights Preservation Act (the "PRPRPA")

The City and MUDs 157 and 132 complain the trial court erred by denying
their pleas to the jurisdiction because Fireworks Operators and Property Owners'
pleadings are not sufficient to bring them within the limited waiver of sovereign
immunity afforded by PRPRPA. Specifically, they argue Fireworks Operators and
Property Owners have failed to plead facts establishing (1) they have standing to
bring any claims under PRPRPA and (2) any actions by either the City or the
MUDs that would come within PRPRPA's waiver of immunity

PRPRPA waives sovereign immunity for certain governmental entities, so
long as the other requirements of the statute can be satisfied. Tex. Gov't Code
§ 2007.001 (Vernon 2008). The statute unquestionably vests district courts with
subject-matter jurisdiction to hear claims brought under the statute. 
Id.§ 2007.021(a). However, PRPRPA limits the categories of persons who may
bring suit under the statute. In addition, PRPRPA's waiver of immunity only
applies to a limited scope of governmental actions. Id. § 2007.003(a).

 A. Standing under PRPRPA

 To have standing to bring a claim under PRPRPA, plaintiffs must be
"owners" who allege a "taking"--defined as either (1) a governmental taking
under the United States Constitution or the Texas Constitution or (2) a
governmental action reducing the market value of property by at least 25 percent.
Id. § 2007.002(5) (defining "taking" under PRPRA). "Owner" is defined as "a
person with legal or equitable title to affected private real property at the time a
taking occurs." Id. § 2007.002(2). Standing is a component of subject matter
jurisdiction and is properly raised during a plea to the jurisdiction. Tex. Ass'n of
Bus., 852 S.W.2d at 444-45. 

 1. Fireworks Operators' standing under PRPRPA

Fireworks Operators argue their position as leaseholders gives them
sufficient interest in the real property to assert a claim under PRPRPA. While
leaseholders may have some interest in real property sufficient--in some cases--to
assert a constitutional takings claim, PRPRPA's use of the term "title" in the
definition of "Owner" indicates title to a real property interest--whether surface,
water, mineral or some combination thereof--must be held before a party has
standing to sue under the act. See Tex. Gov't Code § 2007.002(2). Because their
pleadings affirmative allege they are mere lessees, and actual title to the land is
held by Property Owners, the trial court erred by denying the pleas to the
jurisdiction as to Fireworks Operators' claims against the City, MUDs 152, 157,
and 132 under PRPRPA. 

Nevertheless, Fireworks Operators argue they have standing to assert claims
under PRPRPA because their leasehold interest is the equivalent of having
"equitable title" in real property. We disagree. "Equitable title" is a right,
enforceable in equity, to have the legal title to real estate transferred to the owner
of the right upon the performance of specified conditions. See United States v.
Davidson, 139 F.2d 908, 910 (5th Cir. 1943); accord Neeley v. Intercity Mgmt.
Corp., 623 S.W.2d 942, 950 (Tex. App.--Houston [1st Dist.] 1981, no writ)
(defining "equitable title" as enforceable right to have legal title transferred to
holder of equity); Pickle v. Whitaker, 224 S.W.2d 741, 745 (Tex. Civ. App.--El
Paso 1949, writ ref'd) (stating "equitable title is the present right to the legal title"). 
In this case, Fireworks Operators do not allege they have a right to have legal title
of the real property upon which their businesses are located transferred to them. 
Accordingly, under the facts as alleged, Fireworks Operators' leasehold interests
do not constitute "equitable title" under PRPRPA. Therefore, they lack standing to
asset any claims under this statute--either against the City or the MUDs. 2. Metro Church's standing under PRPRPA

In contrast, Metro Church has alleged it is the owner of real property
affected by the actions of the City and the MUDs. Thus, the next question we must
address is whether Metro Church has alleged, within the scope of the statute, it has
suffered a "taking" as that term is defined in PRPRPA. 

 In order to establish a "taking" under PRPRPA, Metro Church must allege
either (1) a taking under the United States or Texas Constitutions, i.e., an action
affecting private real property, in whole or in part or temporarily or permanently,
"that requires the governmental entity to compensate the private real property
owner as provided by the Fifth and Fourteenth Amendments to the United States
Constitution or Section 17 or 19, Article I, Texas Constitution;" or (2) an action
"that restricts or limits the owner's right to the property that would otherwise exist
in the absence of the governmental action; and is the producing cause of a
reduction of at least 25 percent in the market value of the affected private real
property . . . ." Tex. Gov't Code § 2007.002(5)(A), (B). Metro Church has not
alleged legally sufficient facts to establish it has suffered either type of a taking. 

 a) Constitutional Taking

 The first prong of the definition requires us to look at constitutional takings
claims under the United States and Texas Constitutions. In a federal or state
constitutional takings claim, a plaintiff must plead and prove (1) the governmental
entity intentionally performed certain acts, (2) resulting in a physical or regulatory
"taking" of property, (3) for public use. General Servs. Comm'n v. Little-Tex
Insulation Co., Inc., 39 S.W.3d 591, 598 (Tex. 2001); Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 933 (Tex. 1998). A physical taking occurs when the
government physically authorizes an unwarranted physical occupation of the
property. Mayhew, 964 S.W.2d at 933. The Plaintiffs' Fourth Amended Petition
does not allege a physical invasion. 

A regulatory taking may occur by means of a governmental restriction that
constitutes an unreasonable interference with the use and enjoyment of the
property. Taub v. City of Deer Park, 882 S.W.2d 824, 826 (Tex. 1994), cert.
denied, 513 U.S. 1112, 115 S.Ct. 904 (1995). A regulation is a "taking" if (1) it
compels the owner to suffer a physical invasion of the owner's property, Sheffield
Dev. Co. v. City of Glenn Heights, 140 S.W.3d 660, 671 (Tex. 2004); (2) it
deprives the owner of all economically beneficial use of the property, Mayhew, 964
S.W.2d at 935; or (3) it imposes restrictions that unreasonably interfere with the
owner's right to use and enjoy the property, id. at 936-37. 

Metro Church has not alleged it has been deprived of all economically
beneficial use of its property. The pleadings show that, in addition to any revenue
received from its portion of the sales from the fireworks stand, the Church receives
income from many other activities. Instead, Metro Church's allegation, as set out
in the Plaintiffs' Fourth Amended Petition, is the City and the MUDs have
imposed restrictions that unreasonably interfere with its right to use and enjoy its
property. 

Determining whether the government has unreasonably interfered with a
landowner's right to use and enjoy property requires a consideration of two factors:
(1) the economic impact of the regulation and (2) the extent to which the regulation
interferes with distinct investment-backed expectations. Mayhew, 964 S.W.2d at
935. Plaintiffs' Fourth Amended Petition does not contain any allegations
supporting a takings claim with regard to these facts. The only allegation
regarding the actual economic impact on Metro Church is "a portion of [Sarges
Fireworks] sales is donated to the Church for allowing the operation to locate on
the Church property." Accordingly, as pleaded, Metro Church has not alleged
sufficient facts under the first prong of the definition of "taking" under PRPRPA. 
See Tex. Gov't Code § 2007.002(5)(A); Texas Bay Cherry Hill, L.P. v. City of
Fort Worth, 257 S.W.3d 379, 396 (Tex. App.--Fort Worth 2008, no pet.) (holding
dismissal for want of jurisdiction was appropriate where plaintiff's regulatory
takings claim failed to allege any reasonable investment-backed expectation
impacted by governmental action). 

 b) "Taking" under § 2007.002(5)(B) 

Similarly, Metro Church does not allege it has suffered any reduction in the
market value of its property. See Tex. Gov't Code § 2007.002(5)(B) (defining
"taking" under statute as being producing cause of reduction of at least 25 percent
in market value of affected private real property). 

While Metro Church fails to plead facts sufficient to support its claim, it
does not state facts affirmatively negating its ability to make a takings claims under
PRPRPA. Because Metro Church's pleadings do not demonstrate that Metro
Church could never allege it suffered sufficient reduction in the value of its land to
make a claim under PRPRPA, we remand Metro Church's claims against the City
under PRPRPA to the trial court so Metro Church may have an opportunity to cure
the defects in its petition. See Koseoglu, 233 S.W.3d at 839-40.

 3. Gulf Coast Avenue C, LLC's standing under PRPRPA

Only Gulf Coast Avenue C, LLC has alleged sufficient facts to establish
standing under PRPRPA. The Plaintiffs' Fourth Amended Petition sufficiently
alleges Gulf Coast Avenue C, LLC is an "owner" who has suffered a "taking" as
those terms are defined in the statute--stating "the proposed ban on the sale or
possession of fireworks on [FM] 529 would reduce the value of the property by at
least 40%." These allegations are sufficient to establish standing under PRPRPA. 
See Tex. Gov't Code § 2007.002(5)(B). B. Waiver of Immunity Under PRPRPA

 As we noted above, Fireworks Operators have failed to establish standing
under PRPRPA. We therefore analyze only whether Property Owners--Metro
Church and Gulf Coast Ave, LLC--have alleged sufficient facts to establish a
waiver of immunity by the City and the MUDs. 

 1. Waiver by the City

The City argues that, even if Gulf Coast Avenue C, LLC and Metro Church
do have standing to assert a claim under PRPRPA, the trial court erred by denying
its plea to the jurisdiction because they have not alleged actions by the City that
would come within PRPRPA's limited waiver of sovereign immunity. Essentially,
the City argues its sovereign immunity is not waived because the only actions by
the City at issue--extending the City's ban on the possession of fireworks within
the City and its annexed areas, and enforcing that ban along the roads at issue in
this case--are taken within the annexed areas, not the "extraterritorial jurisdiction"
of the City. We disagree.

 The PRPRPA waives the City's sovereign immunity for lawsuits
complaining of an action that "has effect in the extraterritorial jurisdiction of [the
City], excluding annexation, and that enacts or enforces an ordinance, rule,
regulation, or plan that does not impose identical requirements or restrictions in the
entire extraterritorial jurisdiction of the municipality." Tex. Gov't Code §
2007.003(a)(3). The statute specifically addresses the situation at hand, where an
action by the City is within its limits and annexed areas but the effects of those
actions extend into the extraterritorial jurisdiction of the City, and those effects are
extended unequally. Tex. Gov't Code § 2007.003(a)(3); see Daniel Anderson,
The Texas "Takings Statute": Ten Basic Facts to Know, 60 Tex. B.J. 12 (1997)
(discussing legislative history of this section of PRPRPA). 

 The only exception to this rule is the City's act of annexing a particular area,
which is an act for which the City retains immunity. In other words, because the
Plaintiffs' Fourth Amended Petition alleges the City has pursued actions--other
than the act of annexation--that had the effect of allowing some property owners
within the City's extraterritorial jurisdiction to operate fireworks stands on their
properties, while other property owners within the City's extraterritorial
jurisdiction could not, Gulf Coast Avenue C, LLC and Metro Church sufficiently
alleged a claim against the City within PRPRPA's waiver of immunity.

 2. Waiver by the MUDS

The MUDs complain the trial court erred by denying their pleas to the
jurisdiction under PRPRPA because the Plaintiffs' Fourth Amended Petition does
not allege any actions taken by the MUDs which would come within the statute's
waiver of immunity. We agree. 

As to the MUDs, Plaintiffs' Fourth Amended Petition complains only of the
MUDs' decisions to enter into LPAs with the City, and that such decisions have
effected a taking of their property under the statute. These actions, even if they did
constitute a taking as that term is defined in the statute, are not within the
enumerated acts for which sovereign immunity is waived. Tex. Gov't Code
§ 2007.003(a) (Vernon 2008). (4) In other words, not all actions resulting in a taking
may be made the basis of claims under PRPRPA.

To conclude our PRPRA analysis, we sustain the City's and the MUDs'
points of error relating to the trial court's failure to sustain their pleas to the
jurisdiction to the claims asserted by Fireworks Operators under PRPRPA. We
remand Metro Church's claims against the City under PRPRPA to the trial court so
that Metro Church may have an opportunity to attempt to cure the defects in its
pleadings and establish standing. We sustain the MUDs' points of error on appeal
as to the trial court's failure to sustain their pleas to the jurisdiction as to the claims
asserted by Property Owners under PRPRPA. We overrule the City's complaint on
appeal that the trial court erred by failing to sustain the City's plea to the
jurisdiction as to Gulf Coast Avenue C, LLC's claims under PRPRPA. 

III. Takings Claims under the United States and Texas Constitutions

 The doctrine of governmental immunity does not shield a governmental
entity from claims for compensation under the takings clause. See, e.g., Gen.
Servs. Com'n v. Little-Tex Insulation Co., Inc., 39 S.W.3d 591, 598 (Tex. 2001). 
However, takings claims, like other causes of action, must be ripe and they must be
brought in a court with subject matter jurisdiction over the claim. Here, although
Fireworks Operators and Property Owners state their claims under PRPRPA are
the main vehicle through which they seek redress, their live pleadings reflect
claims--under both the United States and Texas Constitutions--for an
unconstitutional deprivation of property without just compensation. Accordingly,
we analyze whether, under the facts alleged in the petition, the trial court has
subject matter jurisdiction to hear these claims. 

 A. United States Constitution

The Fifth Amendment grants a landowner the right to seek compensation
from the government for land that it takes: "[N]or shall private property be taken
for public use, without just compensation." U.S. Const. amend. V. The Just
Compensation Clause applies to the states by operation of the Fourteenth
Amendment. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 933 (Tex. 1998). 
However, a federal takings claim is not technically ripe until the state takings claim
is resolved. City of Dallas v. VRC L.L.C., 260 S.W.3d 60, 66 (Tex. App.--Dallas
2008, no pet.); Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473
U.S. 172, 195, 105 S.Ct. 3108, 3121 (1985) ("[I]f a State provides an adequate
procedure for seeking just compensation, the property owner cannot claim a
violation of the Just Compensation Clause until it has used the procedure and been
denied just compensation"). Thus, to the extent that Fireworks Operators and
Property Owners seek to raise a takings claim under the United States
Constitution--separate and apart from their claim under PRPRPA--we hold such a
claim is not yet ripe, and the trial court erred by denying the pleas to the
jurisdiction on this point. Id.

 B. Texas Constitution

We next determine whether the trial court erred by denying the City and the
MUDs' pleas to the jurisdiction on Fireworks Operators and Property Owners'
takings claims under the Texas Constitution. The Texas Constitution, like the
United States Constitution, provides for a takings claim in Texas courts and states
"No person's property shall be taken, damaged or destroyed for or applied to
public use without adequate compensation being made, unless by the consent of
such person . . . ." Tex. Const. art. I, § 17. Although the Texas Constitution's
adequate compensation provision is worded differently than the Just Compensation
Clause of the Fifth Amendment to the United States Constitution, the Texas
Supreme Court has described them as comparable and generally looks to federal
cases for guidance in takings cases. See, e.g., Hallco Tex., Inc. v. McMullen
County, 221 S.W.3d 50, 56 (Tex. 2006); Sheffield, 140 S.W.3d at 669. 

While Article I, Section 17 of the Texas Constitutional generally waives
sovereign immunity for claims against a governmental entity for taking without
adequate compensation, Texas Government Code Section 25.1032(c) mandates
that, in Harris County, the county civil courts at law have exclusive jurisdiction of
such proceedings. Tex. Const. art. I, § 17; Tex. Gov't Code § 25.1032 (Vernon
2004). Nevertheless, Fireworks Operators and Property Owners argue that,
because their petition also alleges a claim under PRPRPA, and because PRPRPA
states suits for takings under that statute are to be brought in district court, their
state constitutional takings claim may remain in the district court as well. 

To support their argument, Fireworks Operators and Property Owners
contend PRPRPA and Texas Government Code Section 25.1032 are in conflict and
the latter-enacted statute must trump the earlier. Further, they cite Taub v. Aquila
Southwest Pipeline Corp., 93 S.W.3d 451, 458-59 (Tex. App.--Houston [14th
Dist.] 2002, no pet.) for its statement that the Harris County Civil Courts of Law
have jurisdiction, over "a landowner's claims [when a taking is alleged], regardless
of the amount in controversy, when those claims are inherently intertwined in an
eminent domain proceeding." 

We disagree. Piecemeal litigation is generally disfavored in this state. See,
e.g., Iley v. Hughes, 311 S.W.2d 648, 651 (Tex. 1958) ("Our courts have always
frowned upon piecemeal trials, deeming the public interest, the interests of litigants
and the administration of justice to be better served by rules of trial which avoid a
multiplicity of suits."). However, PRPRPA specifically contemplates such
litigation, stating the remedies provided by the statute are "not exclusive" and are
"in addition to other procedures or remedies provided by law," so long as there is
only one economic recovery for the same loss. Tex. Gov't Code § 2007.006. 
PRPRPA and Section 25.1032 do not conflict--claims under PRPRPA are to be
brought in district court, and, in Harris County, claims for an unconstitutional
taking of property under Article I, Section 17 of the Texas Constitution are to be
brought in the county courts at law. Finally, we distinguish Taub because it dealt
with an eminent domain proceeding, the PRPRPA expressly states it does not
apply to the "formal exercise of eminent domain." Compare Taub, 93 S.W.3d at
458-59 with Tex. Gov't Code Ann. § 2007.003(b)(8). Therefore, to the extent
that Fireworks Operators and Property Owners seek to state a takings claim under
the Texas Constitution--again, separate and apart from their claim under
PRPRPA--we hold the trial court did not have subject matter jurisdiction over
such a claim, and so erred by denying the pleas to the jurisdiction on this point. IV. Tortious Interference 

Next, the City and MUDs complain the trial court has no jurisdiction to
consider the appellees' tortious interference claim because Fireworks Operators
and Property Owners failed to properly plead any actions by the appellants coming
within a valid legislative waiver of the City and MUDs' immunity from suit under
the Texas Torts Claims Act. We agree. 

Like PRPRPA, the Texas Tort Claims Act provides a limited waiver of
immunity for certain tort claims against governmental entities and caps recoverable
damages. See Tex. Civ. Prac. & Rem. Code Ann.§ 101.023 (Vernon 2005). It
does not, however, waive immunity for intentional torts. See id. § 101.057(2)
("This chapter does not apply to a claim . . . arising out of assault, battery, false
imprisonment, or any other intentional tort . . . ."). Tortious interference is an
intentional tort. See, e.g., Holloway v. Skinner, 898 S.W.2d 793, 795-96 (Tex.
1995) (stating elements of claim for tortious interference with contract include
willful and intentional act of interference). Accordingly, we hold sovereign
immunity has not been waived for this claim in this case, and the trial court did not
have subject matter jurisdiction over this claim. See Tex. Civ. Prac. & Rem.
Code Ann. § 101.023; Ethio Express Shuttle Serv., Inc. v. City of Houston, 164
S.W.3d 751, 758 (Tex. App.--Houston [14th Dist.] 2005, no pet.) (Texas Tort
Claims Act does not waive sovereign immunity for tortious interference). 

V. Deprivation of Constitutional Rights and "Ultra Vires Actions"

The City and MUDs argue they enjoy sovereign immunity from Fireworks
Operators' and Property Owners' claims for deprivation of constitutional rights
and alleged "ultra vires" actions, and the trial court does not have subject matter
jurisdiction to hear these claims. We examine each of these claims in turn.

The Plaintiffs' Fourth Amended Petition alleges the actions of the City
deprived them of "equal rights under the law" because the City embarked on a
"discriminatory pattern" of annexation, focusing its efforts on areas where
fireworks are traditionally sold outside the City's limits. Fireworks Operators and
Property Owners argue these actions deprive them, and others like them, of the
ability to transport their goods and also deprive their customers of the right to
transport fireworks they have purchased legally from a point of sale to a legal place
of use. 

Fireworks Operators and Property Owners also allege the actions of the City
are an "unconstitutional interference with interstate and intrastate commerce," and
an "interference with the ability of citizens of unincorporated Harris County to
travel freely on highways and roads" amounting to an interference with liberty
interests without "due course of law."

Finally, Fireworks Operators and Property Owners allege the City and the
MUDs took actions that were not authorized by law, and these "ultra vires" actions
violated the United States and Texas Constitutions. 

Under the principles of sovereign immunity, to the extent that these claims
seek to recover monetary damages as a result of these alleged acts, the trial court
should have granted the pleas to the jurisdiction on these claims. See, e.g., Tex.
Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999) ( trial court lacks subject
matter jurisdiction over claims against State, absent State's consent to such suit). 
However, sovereign immunity does not shield a governmental entity from a suit for
equitable relief for a violation of constitutional rights. See City of Beaumont v.
Bouillion, 896 S.W.2d 143, 148-49 (Tex. 1995) ("[S]uits for equitable remedies
for violation of constitutional rights are not prohibited."); see also Tex. Const. art.
1,§ 29 ("[W]e declare that everything in this 'Bill of Rights' is excepted out of the
general powers of government, and shall forever remain inviolate, and all laws
contrary thereto, or to the following provisions, shall be void."). To the extent
Fireworks Operators and Property Owners also rely upon these allegations to
support their requests for declarative and injunctive relief, we discuss those claims
below. 


VI. Request for a Declaratory Judgment and Injunctive Relief

Fireworks Operators and Property Owners seek declaratory relief from the
trial court, asking the it to (1) "construe [the City's ] 'Strategic Partnership
Agreement', any ordinance, resolution or mechanism approving it, as well as any
attempts to enforce [the City's ] anti-fireworks ordinances ultra vires;" (2) declare
"the Houston ordinance does not prohibit the transportation of consumer fireworks
from one legal location outside the city limits of the City of Houston to another,
even if the highway or roadway includes in whole or in part a purported LPA;" (3)
declare the City's 2008 LPAs "ultra vires, illegal and void;" and (4) declare the
City "is not legally authorized to share sales tax revenue with MUDs that agree to
LPAs, and that the City cannot offer such an inducement in order to secure
agreement to an LPA."

In their Original Petition, Fireworks Operators (5) also pray for a temporary
injunction preventing the City and the MUDs "from enforcing the City's Fire Code
outside the city limits and . . . from enforcing a ban on the possession, discharge or
sale of fireworks in 'Districts' that have Strategic Partnership Agreements of
Limited Purposed Annexation with Houston." 

The City and MUDs argue the trial court lacks subject matter jurisdiction to
consider any of the requests for declaratory and injunctive relief because Fireworks
Operators and Property Owners have failed to plead facts establishing they have
standing to seek such relief in this action. 

 A. Standing to Seek Declaration of Rights Under Strategic Partnership
Agreements

Part of the declaratory relief sought by Fireworks Operators and Property
related to the Strategic Partnership Agreements. The City argues Fireworks
Operators and Property Owners lacked standing to request such declaratory relief
because they are not parties to the Strategic Partnership Agreements. 

In South Texas Water Authority v. Lomas, an individual taxpayer and a
private non-profit association sought declaratory relief regarding a water supply
contract entered into by the City of Kingsville with the South Texas Water
Authority. 223 S.W.3d 304 (Tex. 2007). The Supreme Court held the plaintiffs
lacked standing because they were neither signatories nor third-party beneficiaries
to the contract, and "general beneficence [such as the Legislature's intention to
benefit the people of this State in creating the Water Authority] does not create
third-party rights." Lomas, 223 S.W.3d at 307. If it did, "every Texan could
challenge or seek to enforce any government contract and the presumption against
third-party-beneficiary agreements would disappear." Id. Relying on Lomas, we
hold Fireworks Operators and Property Owners' fail to allege facts sufficient to
establish their standing to seek a declaration of their rights under the SPA. 

B. Standing to Challenge Limited Purpose Annexations

Fireworks Operators and Property Owners also seek to have the Limited
Purpose Annexations declared void. The City argues they do not have standing to
seek such a declaration because this claim is properly brought only by the State in
a quo warranto (6) proceeding. 

 Quo warranto proceeding is the "only proper method for attacking the
validity of a city's annexation of property" unless the annexation is wholly void. 
Town of Fairview v. Lawler, 252 S.W.3d 853, 856 (Tex. App.--Dallas 2008, no
pet.) (citing Alexander Oil Co. v. City of Seguin, 825 S.W.2d 434, 436 (Tex.
1991)); see also City of Rockwall v. Hughes, 246 S.W.3d 621, 627 (Tex. 2008)
(decision in Alexander Oil affirmed rule that, unless annexation is void or
Legislature has expressly granted private right to challenge annexation in some
manner, quo warranto proceeding brought by State is only proper means of
attacking municipality's annexation in court). The City is correct in arguing the
State is the proper party to bring a quo warranto proceeding. Tex. Civ. Prac. &
Rem. Code Ann. § 66.002 (Vernon 1997). By requiring the State to bring such a
proceeding, "the judgment settles the validity of the annexation on behalf of all
property holders in the affected area." Alexander Oil Co., 825 S.W.2d at 437. 
Thus, a quo warranto suit is the proper way to challenge procedural faults such as
the adequacy of a service plan, lack of notice, lack of a quorum for hearing, and
"other deficiencies in the procedure of adopting the annexation ordinance." City of
San Antonio v. Hardee, 70 S.W.3d 207, 210 (Tex. App.--San Antonio 2001, no
pet.). 

However "[i]ndividuals have been allowed to bring private causes of action
when challenging annexation of territory that (i) exceeds statutory size limitations,
(ii) is within the corporate limits of another municipality, (iii) is not contiguous
with current city limits, and (iv) has a boundary description that does not close." 
Town of Fairview, 252 S.W.3d at 856 (citing Alexander Oil Co., 825 S.W.2d at
437; City of San Antonio, 70 S.W.3d at 210; and City of Wichita Falls v. Pearce,
33 S.W.3d 415, 417 (Tex. App.--Fort Worth 2000, no pet.)). Here, Fireworks
Operators and Property Owners do not allege any of these deficiencies in their
petition. Accordingly, we hold the trial court did not have subject matter
jurisdiction over any challenges they raised to the LPAs. C. Standing to Challenge Enforcement of Fireworks Ban

Fireworks Operators and Property Owners ask for declaratory and injunctive
relief, challenging the enforcement of the City's ban on fireworks in the annexed
areas. On appeal, the City contends these requests for injunctive and declaratory
relief necessarily ask the trial court to enjoin the enforcement of a penal statute, the
City of Houston's Fire Code. The City contends the trial court--a civil district
court--did not have jurisdiction over such a request. We agree. 

"A court of equity does not have jurisdiction to enjoin the enforcement of a
penal ordinance or statute unless (1) it is unconstitutional and (2) it threatens
vested property rights with irreparable injury." City of La Marque v. Braskey, 216
S.W.3d 861, 863 (Tex. App.--Houston [1st Dist.] 2007, pet. denied) (citing State
v. Morales, 869 S.W.2d 941, 942 (Tex. 1994)). If a party fails to satisfy both
prongs of Morales, then a civil court lacks jurisdiction over the cause. Id. (citing
Potter County Attorney's Office v. Stars & Stripes, Sweepstakes, L.L.C., 121
S.W.3d 460, 469 (Tex. App.--Amarillo 2003, no pet.); Warren v. Aldridge, 992
S.W.2d 689, 691 (Tex. App.--Houston [14th Dist.] 1999, no pet.)). As we held in
City of La Marque, "[i]f questions of constitutionality can be resolved in a criminal
proceeding 'and vested property rights are not in jeopardy,' a court of equity
should not intervene." Id. (citing Morales, 869 S.W.2d at 945). This doctrine is
not limited to suits seeking to enjoin enforcement, but extends "also to suits
seeking a declaratory judgment regarding the constitutionality of a statute or
ordinance." Id. 

Here, Fireworks Operators and Property Owners concede the City's Fire
Code is a penal statute. The trial court therefore lacks jurisdiction to consider any
of Fireworks Operators' and Property Owners' claims for injunctive and
declaratory relief regarding enforcement of the Fire Code that were based on
anything other than alleged violations of constitutional rights. City of La Marque,
216 S.W.3d at 863; Morales, 869 S.W.2d at 945. For the trial court to have
jurisdiction over Fireworks Operators' and Property Owners' request for
declaratory and injunctive relief based on alleged constitutional violations,
Fireworks Operators and Property Owners must show a vested property right was
threatened with irreparable harm. City of La Marque, 216 S.W.3d at 863 (citing
Morales, 869 S.W.2d at 945.) 

We first address whether Fireworks Operators and Property Owners have
alleged such "a vested property right" was threatened with "irreparable harm." A
right is "vested" when it "has some definitive, rather than merely potential
existence." Tex. S. Univ. v. State Street Bank and Trust Co., 212 S.W.3d 893, 903
(Tex. App.--Houston [1st Dist.] 2007, no pet. h.). In City of La Marque, we noted
"[p]roperty owners do not have a constitutionally protected vested right to use real
property in any certain way, without restriction." 216 S.W.3d at 863 (citing City of
Univ. Park v. Benners, 485 S.W.2d 773, 778 (Tex. 1972) (holding "that property
owners do not acquire a constitutionally protected vested right in property uses
once commenced or in zoning classifications once made"); Weatherford v. City of
San Marcos, 157 S.W.3d 473, 483 (Tex. App.--Austin 2004, pet. denied)
(concluding property owner "had no vested property right in any particular zoning
classification"); and Hang On III, Inc. v. Gregg County, 893 S.W.2d 724, 726
(Tex. App.--Texarkana 1995, writ dism'd by agr.) (holding property owner did not
have vested property right in operating sexually-oriented business on property)). 
In that case, we analyzed whether a property owner who operated a cat shelter on
her property had a vested property right to operate the shelter, and determined she
did not. Id. at 864 (noting, "Braskey's use of her property as a facility for cats is
not a constitutionally protected property interest because it concerns only the way
her property is used, which is not an absolute right."). Similarly, in this case,
Property Owners' allegations relate only to their right to lease or operate a
fireworks stand on their property during certain portions of the calendar year. Like
the plaintiff in City of La Marque, this is not an "absolute right" and thus Property
Owners cannot satisfy the mandates of Morales, establishing a vested property
interest was threatened with irreparable harm, and the trial court did not have
subject matter jurisdiction over their request for an injunction or declaratory relief
regarding the Fire Code. City of La Marque, 216 S.W.3d at 863; Morales, 869
S.W.2d at 945. 

Similarly, even assuming Fireworks Operators had some "vested" property
right in the property leases at issue, their rights as lessees of the properties do not
exceed those of Property Owners, and we hold they also cannot satisfy the
mandates of Morales under the facts of this case. Accordingly, the trial court did
not have subject matter jurisdiction over their request for an injunction or
declaratory relief regarding the Fire Code. City of La Marque, 216 S.W.3d at 863;
Morales, 869 S.W.2d at 945.D. Standing to Challenge SPA and Related Ordinances,
Resolutions or "Mechanisms" as "Ultra Vires" and to Seek
Declaration Regarding City's Sharing Sales Tax Revenue
Under Tax Code


 Under the Declaratory Judgment Act, any claimant "whose rights, status, or
other legal relations are affected by a statute . . . may have determined any question
of construction or validity arising under [it] and obtain a declaration of rights,
status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code Ann.
§ 37.004(a) (West 1997). On appeal, other than contending any such request
would necessarily involve construing the Fire Code, the City does not address
whether the trial court had subject matter jurisdiction over Fireworks Operators
and Property Owners' request for declaratory judgment the SPA and "any
ordinance, resolution, or mechanism approving it . . . ultra vires." Similarly, the
City fails to address whether the trial court had subject matter jurisdiction over 
Fireworks Operators and Property Owners' request for a "declaration that under
Chapter 321 of the Texas Tax Code, [the City] is not legally authorized to share
sales tax revenue with MUDs that agree to LPAs, and that the City cannot offer
such an inducement in order to secure an LPA." We do not agree any such
declaratory relief would involve a penal statute, thus the concerns discussed above
are not implicated by this request for declaratory relief. See, e.g., Morales, 869
S.W.2d at 942; City of La Marque, 216 S.W.3d at 863. Because the City's
appellate briefing does not complain of the trial court's exercise of jurisdiction on
these grounds, we do not reach the issue of whether the trial court erred by denying
the City's plea to the jurisdiction with respect to these issues. 

VII. Claims on behalf of "Other Fireworks Dealers," "Customers" or "Citizens
of Unincorporated Harris County"

 

 The City contends Fireworks Operators and Property Owners impermissibly
attempt to assert claims on behalf of third parties, including violations of various
constitutional rights belonging to other fireworks dealers, customers, and unknown
citizens of Harris County. The City argues Fireworks Operators and Property
Owners lack standing to assert any claims on behalf of these groups. We agree. 
See DaimlerChrysler Corp. v. Inman, 252 S.W.3d 299, 304-05 (Tex. 2008)
(explaining for person to have standing to file suit, he must have been personally
aggrieved and his "alleged injury must be concrete and particularized, actual or
imminent, not hypothetical"). To the extent Fireworks Operators and Property
Owners attempt to assert causes of action on behalf of these groups, the trial court
did not have subject matter jurisdiction over these claims.

VIII. Waiver of Immunity by Seeking Attorney's Fees

 Fireworks Operators and Property Owners argue by asserting claims for
attorney's fees, the MUDs waived their ability to contest the trial court's exercise
of subject matter jurisdiction over any of the claims against them in this action. 
Fireworks Operators and Property Owners rely on Reata Constr. Corp. v. City of
Dallas, 197 S.W.3d 371 (Tex. 2006) ("Reata II") to argue that, by asserting what
they characterized as a claim for "affirmative relief," the MUDs essentially
consented to the trial court's exercise of subject matter jurisdiction over it even if
they had not entirely waived its immunity from liability. We disagree. A
governmental entity's request for attorney's fees does not necessarily waive
immunity from suit under Reata II. See id. Instead, Reata II waives immunity
only for those claims "germane to, connected with, and properly defensive to the
[governmental entity]'s claims, to the extent [the private entity]'s claims offset
those asserted by the [governmental entity]." 197 S.W.3d at 373. On the pleadings
before us, we do not find the MUDs' request for attorney's fees, based upon their
allegation that the lawsuits against them are frivolous, sufficiently "germane to,
connected with and properly defensive to" Fireworks Operators and Property
Owners' constitutional claims and claims for declaratory and injunctive relief to
trigger a waiver of the MUDs immunity under Reata II. Accordingly, the MUDs
did not waive their ability to contest the trial court's exercise of subject matter
jurisdiction and we sustain the point of error raised by MUDs 132 and 157. THE CITY'S MOTION TO DISSOLVE THE TEMPORARY INJUNCTION

 In its second point of error, the City complains the trial court erred by failing
to grant its motion to dissolve the temporary injunction "imposing a ban on the
possession of fireworks on FM 529 in the vicinity of Fireworks 50, LLC." In its
briefing to this Court, the City concedes it is no longer enforcing the "fireworks
ban" in Section 3301.1.3 of its Fire Code in the annexed area of MUD 157,
including the area of FM 529 used to access Fireworks Center 50. Instead, the City
has amended its ordinances so it will enforce Section 3301.2.2 of the City's Fire
Code in certain enumerated limited annexation areas, including those in MUD 132
and MUD 157. The City admits this moots at least this part of its appeal. 

 Section 3301.2.2 of the City's Fire Code prohibits the construction of retail
displays or offering for sale "explosives, explosive materials, or fireworks upon
highways, sidewalks, public property, or in an assembly or educational
occupancies." We agree with the City that this amendment to its Ordinances moots
the portion of the City's appeal complaining of the trial court's entry of a
temporary injunction prohibiting the imposition of a "ban on the possession of
fireworks on FM 529 in the vicinity of Fireworks Center 50, LLC, 19930 FM 529,
Cypress, Texas." Accordingly, we do not reach this issue. 

CONCLUSION

The trial court erred as follows:

(1) by failing to sustain the pleas to the jurisdiction to the claims asserted by
Fireworks Operators under PRPRPA, by failing to sustain the pleas to the
jurisdiction to the claims asserted by Property Owners under PRPRPA; 

(2) by denying the pleas to the jurisdiction on Fireworks Operators and
Property Owners' takings claim under the United States Constitution and Texas
Constitution--separate and apart from their claim under PRPRPA;

(3) by denying the plea to the jurisdiction regarding Fireworks Operators
and Property Owners' claim for tortious interference; 

(4) by denying the pleas to the jurisdiction on Fireworks Operators and
Property Owners claims seeking to recover monetary damages as a result of their
claims for deprivation of constitutional rights and alleged "ultra vires" actions;

 (5) by denying the pleas to the jurisdiction regarding Fireworks Operators
and Property Owners' requests for declaratory relief related to the Strategic
Partnership Agreements and any challenges Fireworks Operators and Property
Owners raised to the LPAs; 

(6) by denying the plea to the jurisdiction because the trial court lacks
jurisdiction to enjoin the enforcement of the City of Houston's Fire Code; 

(7) by denying the pleas to the jurisdiction because Fireworks Operators and
Property Owners lack standing to assert claims on behalf of third parties, including
violations of various constitutional rights belonging to other fireworks dealers,
customers, and unknown citizens of Harris County; and 

(8) by denying MUDs 132 and 157s pleas to the jurisdiction because they
did not waive their ability to contest the trial court's exercise of subject matter
jurisdiction. 

 Therefore, we reverse the trial court's judgment on these issues. We remand
Metro Church's claims against the City under PRPRPA to the trial court so that
Metro Church may have an opportunity to attempt to cure the defects in its
pleadings and establish standing. We find no error in the trial court's judgment
denying the City's plea to the jurisdiction as to Gulf Coast Avenue C, LLC's
claims under PRPRPA. 


 

George C. Hanks, Jr.

Justice


Panel consists of Justices Alcala, Hanks and Wilson. (7)

 
1. Joel Guthrie d/b/a Sarges Fireworks ("Sarges") operates temporary fireworks stands
in the parking lot of Metro Church, a location accessible only from FM 1960. This property is
within the boundaries of MUD 132. The City has annexed all of FM 1960 in this location.


 Fireworks Center 50, LLC ("Fireworks Center 50") operates a 4500-square foot retail
space on property owned by Gulf Coast Avenue C, LLC, accessible only from FM 529. This
property is within the boundaries of MUD 165. MUD 165 has not been made a party to this action. 
Appellees allege, however, that FM 529 is the only means of accessing the property and FM 529 is
within MUD 157. The City has annexed all of FM 529 in this location.

 

 Paul Dewey Jones d/b/a Freedom 2000 Fireworks ("Freedom 2000") operates a
temporary fireworks stand at 19130 West Lake Houston Parkway, within MUD 152. The City has
annexed all of West Lake Houston Parkway in this area. 
2. Because subject matter jurisdiction cannot be waived, we do not address any
argument by appellants regarding the timeliness of the MUD's pleas to the jurisdiction below. See,
e.g., Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser, 140 S.W.3d 351, 358 (Tex. 2004).

3. In the tort context, "[d]etermining a municipality's amenability to suit is a two-step
inquiry." Ethio Express Shuttle Serv., Inc. v. City of Houston, 164 S.W.3d 751, 754 n.4 (Tex.
App.--Houston [14th Dist.] 2005, no pet.). "First we determine whether the function is
governmental or proprietary." Id. If the function is governmental, the second step of the analysis
addresses whether immunity has been waived by the Legislature. Id. at 756-57. 


 The Texas Constitution authorizes the Legislature to "define for all purposes those
functions of a municipality that are to be considered governmental and those that are proprietary,
including reclassifying a function's classification assigned under prior statute or common law." 
Tex. Const. art. XI, § 13. Among those functions the Legislature has denominated as
"governmental" are police and fire protection, garbage collection, operation of emergency
ambulance service, and vehicle and motor driven equipment maintenance. See Tex. Civ. Prac. &
Rem. Code § 101.0215(a)(1), (6), (18), (24) (Vernon 2005). 
4. "[T]his chapter applies only to the following governmental actions" and lists the following: 


(1)  the adoption or issuance of an ordinance, rule, regulatory requirement,
resolution, policy, guideline, or similar measure; 


(2)  an action imposing a physical invasion or requiring a dedication or exaction of
private real property; 

 

(3)  an action by a municipality that has effect in the extraterritorial jurisdiction of
the municipality, excluding annexation, and that enacts or enforces an ordinance,
rule, regulation, or plan that does not impose identical requirements or restrictions
in the entire extraterritorial jurisdiction of the municipality; and 

 

(4)  enforcement of a governmental action listed in Subdivisions (1) through (3),
whether the enforcement of the governmental action is accomplished through the use
of permitting, citations, orders, judicial or quasi-judicial proceedings, or other similar
means.


Tex. Gov't Code § 2007.3(a) (Vernon 2008). 
5. According to the record on appeal, Property Owners did not enter this lawsuit as
plaintiffs until after Plaintiffs' Fourth Amended petition, which was filed July 17, 2008--over a
month after the trial court heard and partially granted Fireworks Operator's request for a temporary
injunction. 
6. A writ of quo warranto is an extraordinary remedy used to determine disputed
questions about the proper person entitled to hold a public office and exercise its functions, or to
question the existence of a public corporation or district and its right to act. State ex rel. Angelini
v. Hardberger, 932 S.W.2d 489, 490 (Tex. 1996) (citing State ex. rel Jennett v. Owens, 63 Tex. 261,
270 (1885)) (person holding public office); Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Util.
Dist. ex rel Bd. of Directors, 198 S.W.3d 300, 310 (Tex. App.--Texarkana 2006, pet. denied)
(special-law municipal utility water district). 
7. The Hon. Davie L. Wilson, retired Justice, Court of Appeals, First District of Texas
at Houston, participating by assignment.