**HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal Review Board, Appellants,**

v.

**PRIMROSE HOUSTON 7 HOUSING, L.P., Appellee.**

No. 01–06–00691–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 16, 2007.

Rehearing Overruled Sept. 25, 2007.

Alison Leigh Goodwin Holland, Mario L. Dell'Osso, John E. Fisher, Olson & Olson, L.L.P., Houston, TX, for Appellant.

Jason Clarke Marshall, The Marshall Firm PC, Dallas, TX, for Appellee.

Panel consists of Justices TAFT, JENNINGS, and ALCALA.

## OPINION

TERRY JENNINGS, Justice.

Appellants, Harris County Appraisal District and Harris County Appraisal Review Board (collectively "HCAD"), challenge the trial court's summary judgment in favor of appellee, Primrose Houston 7 Housing, L.P. ("Primrose L.P."), on Primrose L.P.'s claim that it is entitled to an exemption from 2003 ad valorem taxes it sought under section 11.182 of the Texas Tax Code.[1] In two issues, HCAD contends that the trial court erred in denying HCAD's motion for summary judgment and in granting Primrose L.P.'s motion for summary judgment because Primrose L.P. is not entitled to the property tax exemption authorized by article VIII, section 2(a) of the Texas Constitution[2] and the enabling legislation, sections 11.18 and 11.182 of the Texas Tax Code.[3]

We reverse and render judgment in favor of HCAD.

1. *See* TEX. TAX CODE ANN. § 11.182 (Vernon Supp.2006).

2. *See* TEX. CONST. art. VIII, § 2(a).

3. *See* TEX. TAX CODE ANN. §§ 11.18, 11.182 (Vernon Supp.2006).

4. Primrose L.L.C. is a Texas limited liability company.

5. MMA Special is a Florida corporation.

6. MMA Financial is a Maryland limited liability company.

7. Primrose SLP is a Texas limited liability company.

**Factual and Procedural Background**

Primrose L.P., a for-profit limited partnership, is the owner of the 280–unit Primrose Casa Bella apartment complex ("the apartments") located at 5000–5100 Airline Drive in Houston, Texas. Construction of the apartments was in large part publicly financed with low-income housing tax credits, tax-exempt bonds, and a loan from the City of Houston. Primrose L.P. is structured with Primrose Houston 7 Development L.L.C. ("Primrose L.L.C.") as its general partner with a 0.01% interest,[4] MMA Special Limited Partner, Inc. ("MMA Special") as a special limited partner with a 0.00% interest,[5] MMA Financial Warehousing, L.L.C. ("MMA Financial") as an investor limited partner with a 99.99% interest,[6] and Primrose Skyline Apartments SLP, L.L.C. ("Primrose SLP") as a class B limited partner with a 0.00% interest.[7]

On December 19, 2003, Brian Potashnik assigned his 100% interest in the general partner, Primrose L.L.C., to Southeast Texas Housing Partners, Inc. ("Southeast Partners"). Southeast Partners is organized as a non-profit corporation and is recognized as a community housing development organization ("CHDO").[8]

8. For the purposes of section 11.182 of the Texas Tax Code, a CHDO "has the meaning assigned by 42 U.S.C. Section 12704." TEX. TAX CODE ANN. § 11.182(a)(2). Section 12704 of the United States Code defines a CHDO as: (1) a non-profit organization organized under state or local laws; (2) whose purpose is to provide affordable housing to low-income and moderate-income persons; and (3) that "maintains, through significant representation on the organization's governing board and otherwise, accountability to low-income community residents." 42 U.S.C. § 12704 (2000).

This dispute arose when, on January 2, 2004, HCAD received from Southeast Partners an "Application for Community Housing Development Organization Improving Property for Low–Income and Moderate–Income Housing Property Tax Exemption" seeking an ad valorem tax exemption for the apartments for 2003 and all subsequent years. Southeast Partners filed the application on behalf of Primrose L.P. After HCAD denied the application on the ground that Primrose L.P. did not meet the exemption requirements, Primrose L.P. filed suit in the district court. Both parties filed motions for summary judgment, and the trial court denied HCAD's motion and entered judgment that Primrose L.P. is entitled to the tax exemption.

### Standard of Review

■ A party moving for summary judgment has the burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985); *Farah v. Mafrige & Kormanik, P.C.,* 927 S.W.2d 663, 670 (Tex.App.-Houston [1st Dist.] 1996, no writ). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). When both parties move for summary judgment on the same issue and the trial court grants one motion and denies the other, as here, we consider the summary judgment evidence presented by both sides, determine all questions presented, and, if we determine that the trial court erred, render the judgment that the trial court should have rendered. *Id.*

### Property Tax Exemption

■ In two issues, HCAD argues that the trial court erred in denying its summary judgment motion and in granting Primrose L.P.'s summary judgment motion because Primrose L.P. is not entitled to the property tax exemption authorized by article VIII, section 2(a) of the Texas Constitution [9] and the enabling legislation, sections 11.18 and 11.182 of the Texas Tax Code. *See* TEX. CONST. art. VIII, § 2(a); TEX. TAX CODE ANN. §§ 11.18, 11.182 (Vernon Supp.2006).

Section 11.182 allows an organization qualifying as a CHDO to claim an exemption from ad valorem taxes that would otherwise be assessed against real property owned by the organization. TEX. TAX CODE ANN. § 11.182. Subsection 11.182(b) provides,

(b) An organization is entitled to an exemption from taxation of improved or unimproved real property it *owns* if the organization:

(1) is organized as a community housing development organization;

(2) meets the requirements of a charitable organization provided by Sec-

9. We note that before an organization can be considered for tax exempt status under sections 11.18 or 11.182 of the Texas Tax Code, it must first meet the applicable constitutional requirements that entitle it to seek the exemption. *See N. Alamo Water Supply Corp. v. Willacy County Appraisal Dist.,* 804 S.W.2d 894, 899 (Tex.1991). Because of our disposition of this appeal, we do not reach the issue of whether Primrose L.P. would meet the constitutional requirements. *See* TEX. CONST. art. VIII, § 2(a) (providing that "legislature may, by general laws, exempt from taxation ... any property owned by ... institutions engaged primarily in public charitable functions, which may conduct auxiliary activities to support those charitable functions").

tions 11.18(e) and (f); [10]

(3) *owns* the property for the purpose of building or repairing housing on the property to sell without profit to a low-income or moderate-income individual or family satisfying the organization's eligibility requirements or to rent without profit to such an individual or family; and

(4) engages exclusively in the building, repair, and sale or rental of housing as described by Subdivision (3) and related activities.

TEX. TAX CODE ANN. § 11.182(b) (emphasis added).

■■■■ We note that exemptions from taxation are not favored by the law and will not be favorably construed. *N. Alamo Water Supply Corp. v. Willacy County Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991). Statutory exemptions from taxation are subject to strict construction because they undermine equality and uniformity by placing a greater burden on some taxpaying businesses and individuals rather than placing the burden on all taxpayers equally. *Id.* Accordingly, the burden of proof of clearly showing that the organization falls within the statutory exception is on a claimant. *Id.*

Because Southeast Partners is a CHDO, it is eligible under section 11.182(b) for ad valorem tax exemptions on property it owns. *See* TEX. TAX CODE ANN. § 11.182(b). Here, however, it is undisputed that Primrose L.P. holds legal title to the apartments. Moreover, Primrose L.P., against whom the taxes were assessed, is not a CHDO, nor is Primrose L.L.C., the general partner of Primrose L.P.

Nevertheless, Primrose L.P. argues that it is entitled to the section 11.182 exemption because Southeast Partners owns one-hundred percent of the interest in the general partner and "maintains both control over and equitable title to the property." In support of its argument, Primrose L.P. relies on our recent decision in *TRQ Captain's Landing, L.P. v. Galveston Cent. Appraisal Dist.*, 212 S.W.3d 726, 729 (Tex.App.-Houston [1st Dist.] 2006, pet. filed).

In *TRQ Captain's Landing*, this Court held that "an otherwise qualified equitable property owner may obtain an exemption from ad valorem taxes pursuant to subsection 11.182(b)." 212 S.W.3d at 736. This holding was based on the determination that subsection 11.182(e) "clearly provides for an exemption for a CHDO that is only the equitable owner of property whose legal owner is a partnership." *Id.* at 735; *see also* TEX. TAX CODE ANN. § 11.182(e)(1) (providing that in order to gain exemption for certain apartments constructed after December 31, 2001, organization must "control 100 percent of the interest in the general partner if the project is owned by a limited partnership"). Therefore, we must determine whether Southeast Partners holds equitable title to the apartments.

HCAD argues that Southeast Partners, the CHDO that "allegedly controls the general partner of Primrose L.P.," does not have equitable title to the apartments because it cannot compel or effect the transfer of legal title, nor does it hold the future right to title.

---

**10.** Subsections (e) and (f) of section 11.18 of the Texas Tax Code provide that a charitable organization (1) may not accrue distributable profits or pay salaries exceeding a reasonable allowance for services rendered; (2) must use its assets to perform charitable functions; and

(3) must adopt a bylaw or regulation mandating that upon dissolution, the organization's assets are to be transferred to the State or a qualified charitable organization. TEX. TAX CODE ANN. § 11.18(e)-(f).

An entity holds equitable title when it possesses the present right to compel legal title. *TRQ Captain's Landing*, 212 S.W.3d at 732; *Harris County Appraisal Dist. v. Southeast Tex. Hous. Fin. Corp.*, 991 S.W.2d 18, 23 (Tex.App.-Amarillo 1998, no pet.). The right to compel legal title arises, for instance, under the following circumstances: "(1) parent company A holds a full ownership interest in its subsidiary B; (2) B holds legal title to certain real property; (3) upon dissolution of B, legal title to its real property will revert to A; and (4) A has the power to dissolve B at anytime." *TRQ Captain's Landing*, 212 S.W.3d at 732; *see also Southeast Tex. Hous. Fin. Corp.*, 991 S.W.2d at 21–23. When a tax exempt entity holds equitable title to property, the property is tax exempt. *TRQ Captain's Landing*, 212 S.W.3d at 732; *Southeast Tex. Hous. Fin. Corp.*, 991 S.W.2d at 23. Thus, CHDO status, a necessary condition to receiving an exemption under section 11.182(b), can be imputed to non-CHDO subsidiaries that are wholly owned and controlled by a CHDO. *TRQ Captain's Landing*, 212 S.W.3d at 733–34; *Orange County Appraisal Dist. v. Agape Neighborhood Improvement, Inc.*, 57 S.W.3d 597, 602 (Tex.App.-Beaumont 2001, pet. denied).

We noted in *TRQ Captain's Landing* that TRQ Captain's Landing, L.P. ("TRQ") held legal title to the apartments at issue. 212 S.W.3d at 728–29. American Housing Foundation ("AHF"), a CHDO, later obtained ownership and control of TRQ. *Id.* AHF then formed CD Captain's Landing, L.L.C. ("CD") and became its sole member. *Id.* at 729. Thus, CD was wholly owned by AHF. *Id.* CD purchased TRQ and obtained a 100% membership interest in TRQ's sole general partner, TRQ Galveston, L.L.C. *Id.* CD's purchase of TRQ was structured such that CD possessed a 99% limited partnership interest in TRQ.

*Id.* The remaining one percent interest in TRQ was held by TRQ Galveston, L.L.C., TRQ's general partner in which CD possessed a 100% membership interest. *Id.*

CD filed an application with the appraisal district seeking an ad valorem tax exemption for the apartments under section 11.182. *Id.* In its application, CD contended that an exemption should be imputed through the partnership chain and back to AHF, the CHDO. *Id.* at 730. This Court held that because AHF had the present right to compel legal title to the apartments, it thus had equitable title. *Id.* at 732–33. Our decision was based in part on the fact that according to CD's articles of organization, AHF was CD's sole member, the members of CD could vote to dissolve CD at anytime, and, upon dissolution, CD's assets were to revert to its members, namely, AHF. *Id.* at 732. Additionally, the boards of AHF and CD were comprised of the same directors. *Id.* In the event of dissolution, TRQ and TRQ Galveston's assets would revert to their respective members, namely to CD, which in turn could be dissolved at any time by AHF, with the result that CD's assets would revert to AHF. *Id.*

Here, in contrast, Southeast Partners, the CHDO, has a 100% membership interest in the general partner, Primrose L.L.C., which has a 0.01% interest in the limited partnership, Primrose L.P., but has no interest in the limited partners, namely MMA Special, MMA Financial, and Primrose SLP. Although Southeast Partners controls 100% of the general partner interest in the limited partnership, it has no control over the outstanding 99.99% interest in Primrose L.P. Thus, Southeast Partners does not have the present right to compel legal title to the apartments and *TRQ Captain's Landing* is inapplicable.

We hold that Primrose L.P., through Southeast Partners, does not meet the requirements for the property tax exemption under sections 11.18 and 11.182 of the Texas Tax Code. Having so held, we need not address HCAD's argument that the section 11.182(b) exemption was not available to Primrose L.P. because it "filed its exemption application with HCAD on January 2, 2004, well after its public financing was in place, after the section 11.182 exemption was no longer available, and without a prior request to the Appraisal District for a preliminary determination to facilitate financing before acquiring the property." *See* TEX. TAX CODE ANN. § 11.182(j). Accordingly, we further hold that the trial court erred in granting summary judgment in favor of Primrose L.P. and in denying HCAD's motion for summary judgment.

We sustain HCAD's two issues.

### Conclusion

We reverse the judgment of the trial court and render judgment that Primrose L.P. is not entitled to an ad valorem tax exemption under sections 11.18 and 11.182 of the Texas Tax Code.