IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00416-CV

 

McLennan
County Appraisal District,

                                                                                                Appellant

 v.

 

American Housing Foundation, 

Waco  Parkside Village, LTD. and 

Waco Robinson Garden, LTD.,

                                                                                                Appellees

 

 

 



From the 19th District
Court

McLennan County, Texas

Trial Court No. 2005-2197-1

 



Opinion



 








            American Housing Foundation,
Waco Parkside Village, Ltd. and Waco Robinson Garden, Ltd. sought judicial
review in district court of the McLennan County Appraisal District’s denial of
their applications for exemptions from ad valorem taxes for two apartment
complexes used to provide low-income and moderate-income housing.  Following a
bench trial, the trial court ruled that the entities were entitled to the
exemptions.  MCAD asserts in its sole issue that they do not qualify for
tax-exempt status because Waco Parkside Village, Ltd. and Waco Robinson Garden,
Ltd. are limited partnerships that are “99.98% or more owned by purely
for-profit entities for purely profit motives.”  We will affirm.

Factual and Procedural History

            The parties stipulated to
most of the relevant facts.  American Housing Foundation (AHF) is a community
housing development organization and a section 501(c)(3) non-profit entity. 
The apartment complexes at issue are the Parkside Village Apartments and the
Robinson Garden Apartments.  Waco Parkside Village, Ltd. (Parkside Village) is
the record titleholder of the Parkside Village Apartments.  Waco Robinson
Garden, Ltd. (Robinson Garden) is the record titleholder of the Robinson Garden
Apartments.  AHF Parkside Village, L.L.C. is the sole general partner of
Parkside Village and is a wholly owned subsidiary of AHF.  AHF Robinson Garden,
Inc. is the managing general partner of Robinson Garden and is a wholly owned
subsidiary of AHF.  AHF is the administrative general partner of Robinson
Garden.

            Both apartment complexes
provide low-income and moderate-income housing.  The limited partners for
Parkside Village and Robinson Garden provided the equity investment for these
properties.  The limited partners received federal tax credits and depreciation
because of their investment.

            Appellees’ first amended
petition sought judgment for an ad valorem tax exemption for the properties for
2004, 2005 and 2006 under section 11.1825 of the Tax Code.  See Tex. Tax. Code Ann. § 11.1825 (Vernon
2008).  MCAD’s second amended answer and counterclaim for declaratory judgment
generally denied the allegations, specifically denied that Appellees had
exhausted their administrative remedies for the 2004 tax year, and counterclaimed
for a declaration that section 11.1825 was unconstitutional as applied.  The
trial court rendered judgment for Appellees, finding that the properties
qualified for the exemption in 2005 and 2006.

Applicable Law

            Article VIII, section 2 of
the Texas Constitution permits the legislature to exempt certain properties
from taxation.  The constitutional exemption here concerns “buildings used exclusively
and owned by … institutions engaged primarily in public charitable functions.” 
Tex. Const. art. VIII, § 2(a).  Section
11.18 of the Tax Code specifically defines the provision of “housing for
low-income and moderate-income families” as a charitable function.  Tex. Tax. Code Ann. § 11.18(d)(18)
(Vernon Supp. 2010).

            Section 11.1825 of the Tax
Code provides an exemption from ad valorem taxation to an organization that
owns property used to provide low-income housing.  See id. § 11.1825. 
To qualify for this exemption, an organization ordinarily must have, for at
least the three preceding years, (a) been a section 501(c)(3) entity; (b) “met
the requirements of a charitable organization provided by Sections 11.18(e) and
(f);” and (c) had as one of its purposes providing low-income housing.”  Id. § 11.1825(b).  A limited partnership that does not meet
these requirements may nevertheless qualify for the exemption if a qualifying
charitable organization owns 100 percent of the general-partner interest in the
limited partnership.  Id. § 11.1825(c).  Section 11.1825 provides
other requirements that are not in dispute.

Standard of Review

            Statutory tax exemptions are
disfavored and strictly construed.  N. Alamo Water Supply Corp. v. Willacy
County Appraisal Dist., 804 S.W.2d 894, 899 (Tex. 1991);
Harris County Appraisal Dist. v. Primrose Houston 7 Hous., L.P., 238
S.W.3d 782, 786 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).  An
organization claiming an exemption bears the “burden of proof of clearly
showing that the organization falls within the statutory exemption.”  N.
Alamo Water Supply, 804 S.W.2d at 899; accord Primrose Houston 7,
238 S.W.3d at 786.

            “Before an organization can
be considered for qualification for tax exempt status under  .  .  .  the Texas
Tax Code, that organization must first meet the applicable constitutional
requirements which entitle those organizations to seek the exemption.”  N.
Alamo Water Supply, 804 S.W.2d at 899; accord Primrose Houston 7,
238 S.W.3d at 785 n.9.

            MCAD asserts in its sole
issue that Appellees are not entitled to the exemptions because they do not
meet the constitutional requirement[1]
that a qualifying organization must be “engaged primarily in public charitable
functions.”  Tex. Const. art.
VIII, § 2(a).  MCAD asserts that they do not satisfy this standard because: (1)
“99.98% or more [of the ownership interests in Parkside Village and Robinson
Garden are] owned by purely for-profit entities for purely profit motives, and
[these for-profit entities] operate[ ] the property in question for the profit
ends of those owners”; and (2) even though the apartments are being leased to
low-income families, “they are being so utilized for the profit of the
investors, not out of any charitable motives of the owners.”   

            MCAD refers to cases
construing the former version of article VIII, section 2(a), which required
organizations seeking an exemption to be “institutions of purely public
charity.”  Tex. Const. art. VIII,
§ 2 (amended 1999).  The Supreme Court first established the test for
determining whether an organization was a “purely public charity” in City of
Houston v. Scottish Rite Benevolence Ass’n, 111 Tex. 191, 230 S.W. 978
(1921).

[A]n institution was one of “purely
public charity” where: First, it made no gain or profit; second, it
accomplished ends wholly benevolent; and, third, it benefited persons,
indefinite in numbers and in personalities, by preventing them, through
absolute gratuity, from becoming burdens to society and to the state.

 

Id. at 981 (quoted by N. Alamo Water Supply, 804 S.W.2d
at 897).

            “The word ‘purely’ was meant
‘to describe the quality of the charity, rather than the means by which it is
administered, that it should be wholly altruistic in the end to be attained,
and that no private or selfish interest should be fostered under the guise of
charity.’”  Id. (quoting Widows’ & Orphans’ Home
of Odd Fellows of Ky. v. Commonwealth, 126 Ky. 386, 103 S.W. 354, 358
(1907)); accord N. Alamo Water Supply, 804 S.W.2d at 897.  However, the
word “purely” no longer appears in the constitutional definition of qualifying
institutions.  See Tex. Const.  art.
VIII, § 2.  Thus, the issue is whether the owner of the property is “engaged primarily
in public charitable functions.”  Id. (emphasis added).

            The parties stipulated that
the titleholders of the properties at issue, Parkside Village and Robinson
Garden, “each engage in the rental of low-income or moderate-income housing and
related activities.”  The trial court made a similar finding of fact, namely,
that these entities “engage exclusively in the rental of low-income or
moderate-income housing and related activities.”  (emphasis added).  The trial
court similarly found that Parkside Village and Robinson Garden “own these two
properties for the purpose of renting to low-income or moderate-income persons
or families.”

            Based on these and other
findings, the trial court made the following conclusion of law:

2.  The general partners of both Waco
Parkside Village, Ltd. and Waco Robinson Garden, Ltd., which are 100%
controlled by AHF, operate, manage and control the properties exclusively.  In
order to determine whether the property is being used primarily to provide
housing to low to moderate-income families, the Court focuses its analysis on
how the property is actually used, not the financial interest of the limited
partner.  Accordingly, the fact that Waco Parkside Village, Ltd. and Waco
Robinson Garden, Ltd. are financed by non-charitable entity investments in
low-income housing tax credits does not render § 11.1825 unconstitutional in
this case.

 

We agree with the trial court’s
analysis.

            Under the constitution, the question
is whether Parkside Village and Robinson Garden are “engaged primarily in public charitable
functions.”  See Tex. Const.  art.
VIII, § 2.  The trial court found that they are engaged exclusively in the
charitable function of providing low-income or moderate-income housing.  MCAD
does not challenge this finding.

            The fact that other persons
or entities with a profit motive have invested resources in these entities is
irrelevant.  These limited partners have no control over the operation of the
limited partnerships.  They are no different than a person or entity that makes
a donation to a charitable organization.  In this situation, the donor may hope
for favorable publicity and likely expects to receive a tax deduction for the
charitable contribution, but the donor usually has no legal authority to direct
the operation of the charitable organization.[2]

            The limited partnerships that
own the properties at issue are engaged exclusively in the provision of
low-income or moderate-income housing.  MCAD does not dispute that this is a
public charitable function.  Article VIII, section 2 requires only that such
institutions be primarily engaged in a public charitable function to
qualify for an exemption from ad valorem taxes.  MCAD also does not dispute
that the organizational structure of the entities in question satisfies the
requirements of section 11.1825.

            Because these entities
established that they meet the constitutional and statutory requirements for
the tax exemptions they seek, the trial court properly rendered judgment in
their favor.  MCAD’s sole issue is overruled.

Having overruled MCAD’s sole issue, we
affirm the judgment.

 

REX D. DAVIS

Justice

 

Before Chief
Justice Gray,

Justice
Davis, and

Justice
Scoggins

Affirmed

Opinion
delivered and filed March 9, 2011

[CV06]









[1]
The parties stipulated that AHF,
Parkside Village, and Robinson Garden met the statutory requirements of section
11.1825, but the written stipulation also stated that MCAD disputed whether the
provision of low-income housing by these entities was the “primary purpose” of
these entities or their “primary purpose” for owning the properties.





[2]
An exception to this general rule
would be an unincorporated association of which the donor was a member.  See
Cox v. Thee Evergreen Church, 836 S.W.2d 167, 169-70 (Tex. 1992).