ACCEPTED
01-14-00702-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/14/2015 8:58:54 AM
CHRISTOPHER PRINE
CLERK

01-14-0702-CV

# IN THE FIRST COURT OF APPEALS FOR TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/14/2015 8:58:54 AM
CHRISTOPHER A. PRINE
Clerk

**Lynette Starr,**
*Appellant,*

v.

**A.J. Struss & Co.**
*Appellee.*

ON APPEAL FROM
149TH DISTRICT COURT
BRAZORIA COUNTY, TEXAS
CAUSE NO. 57875

**BRIEF OF APPELLEE**

ORAL ARGUMENT REQUESTED

Wade R. Quinn
TBA No. 16433600
Lance Olinde, Jr.
TBA No. 15254215
Ramey, Chandler, Quinn & Zito, P.C.
750 Bering Drive, Suite 600
Houston, Texas 77057
713-266-0074
Fax: 713-266-1064
wquinn@ramey-chandler.com
lolinde@ramey-chandler.com
Attorneys for Appellee,
A. J. Struss Company LLC

# IDENTITY OF PARTIES AND COUNSEL:

APPELLANT:
Lynette Starr

Savannah Robinson
1822 Main
Danbury, TX 77534
Trial and Appellate counsel for Appellant


APPELLEE:
A. J. Struss Company, LLC

Wade R. Quinn
Lance Olinde
Ramey Chandler, Quinn & Zito, PC
750 Bering Dr., Suite 600
Houston, TX 77057
Trial and Appellate counsel for Appellee

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................ii

TABLE OF CONTENTS.................................................................... iii

INDEX OF AUTHORITIES .................................................................v

STATEMENT OF THE NATURE OF THE CASE ............................... viii

STATEMENT REGARDING THE RECORD .........................................ix

ISSUES ON APPEAL ........................................................................x

STATEMENT OF FACTS .................................................................1

    I.     PROCEDURAL HISTORY ...............................................1

        A. PLAINTIFF FILED HER LAWSUIT ................................1

        B. THE RAY STARR AFFIDAVIT ........................................2

        C. PLAINTIFF FILED LAST PETITION ...............................2

    II.    SUMMARY JUDGMENT PROCEEDINGS ...........................3

        A. THE MOTION FOR SUMMARY JUDGMENT ON THE STANDING ISSUE ................................................3

        B. THE NO EVIDENCE MOTION FOR SUMMARY JUDGMENT.....4

        C. JUDGE HOLDER GRANTED SUMMARY JUDGMENT ON ALL OF PLAINTIFF'S CLAIMS ................................4

SUMMARY OF ARGUMENT.................................................................4

ARGUMENT .................................................................................................................5

STANDARD OF REVIEW ..........................................................................................5

A. THE STANDING ISSUE. ....................................................................................6

ISSUE I:    Did Plaintiff lack standing to pursue claims for damage to her parents' home when she did not own it? ..........................................................6

B. NO EVIDENCE GROUNDS ...............................................................................10

ISSUE II.    Did the trial court properly grant the no-evidence motion for summary judgment as to her claims for personal injury damages? ....................10

CONCLUSION AND PRAYER ..................................................................................15

CERTIFICATE OF SERVICE ....................................................................................16

CERTIFICATION .......................................................................................................17

# INDEX OF AUTHORITIES

*Cases*

*Bell v. Moores,* 832 S.W.2d 749, 754 (Tex. App.-Houston [14th Dist] 1992, writ denied) ..................................................................................................................7

*Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 559 (Tex. 2000) ..........................6

*Borg-Warner Corp. v. Flores,* 232 S.W.3d 765 (Tex. 2007) ..................................13

*Brown v. Todd,* 53 S.W.3d 297, 305 (Tex. 201)......................................................6

*Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499-500 (Tex. 1995)............12

*Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625-26 (Tex. 1996) ................6

*City of Houston v. Guthrie,* 332 S.W.3d 578, 588 (Tex. App.-Houston [1st Dist.] 2009, pet denied)..................................................................................................8

*Exxon Corp. v. Emerald Oil & Gas, Co., L.C.,* 331 S.W.3d 414, 424 (Tex. 2010)..7

*Exxon Pipeline Co. v. Zwahr,* 8 S.W.3d 623, 628 (Tex. 2002)..............................12

*Exxon v. Pluff,* 94 S.W.3d 22, 26-28 (Tex. App.-Tyler 2002, pet. den'd.) ..............7

*Gammill v. Jack Williams Chevrolet, Inc.,* 972 S.W.2d 713, 727 (Tex. 1998).......12

*Gorelick v. State of Texas,* 572 F. Supp. 301, 306 (E.D. Tex. 1983) ......................7

*Hancock v. Variyan,* 400 S.W.3d 59, 68 (Tex. 2013) ............................................14

*Harris County Appraisal Dist. v. Primrose Houston Housing, L.P.,* 238 S.W.3d 782, 787 (Tex. App.-Houston [1st Dist.] 2007, no pet.) ........................................9

*Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572 (Tex. 2006)....................................13

*Marathon Corp. v. Pitzner,* 106 S.W.3d 724, 729 (Tex. 2003) ............................11

*Martin v. Clinical Pathology Labs, Inc.,* 343 S.W.3d 885, 888 (Tex. App.-Dallas 2011, pet denied).................................................................................................7

*Mobil Oil Corp.* v. *Bailey,* 187 S.W.3d 265, 270 (Tex. App.-Beaumont 2006, pet. denied) ....................................................................................................12

*Parkway Co. v. Woodruff,* 901 S.W.2d 434, 444 (Tex. 1995)...............................14

*Plunkett v. Conn. Gen. Life Ins. Co.,* 285 S.W.3d 106 (Tex. App.-Dallas 2009, pet denied) .......................................................................................................10

*Plunkett,* 285 S.W.3d at 117-118.........................................................................10

*Plunkett,* 285 S.W.3d at 119 ................................................................................11

*Plunkett,* 285 S.W.3d at 120 ................................................................................11

*Plunkett.* 285 S.W.3d at 121 ................................................................................11

*Praytor* v. *Ford Motor Co.,* 97 S.W.3d 237, 244 (Tex. App.-Houston [14th Dist.] 2002, no pet.) .................................................................................................12

*Rayon* v. *Energy Specialties, Inc., 121*S.W.3d 7, 20 (Tex. App.-Fort Worth 2002, no pet.) ............................................................................................................11

*Rosenboom Machine & Tool, Inc. v. Machala,* 995 S.W.2d 817 S.W.2d 817 (Tex. App.-Houston [1ˢᵗ Dist.] 1999, review denied) ......................................14

*Saenz v. Fidelity & Guar. Ins. Underwriters,* 925 S.W.2d 607, 614 (Tex. 1996)...14

*Senn v. Texaco, Inc.,* 55 S.W.3d 222, 225 (Tex. App.-Eastland 2001, pet. den'd)...7

*Stuart v. Bayless,* 964 S.W2d 920, 921 (Tex. 1998)..............................................14

*Tex. Ass'n of Bus. V. Tex. Arr. Control Bd.,* 852 S.W.2d 440, 444 (Tex. 1993).......6

*Thomas v. Barton Lodge II, Ltd.,* 174 F3d 636 (5ᵗʰ Cir. 1999)...............................14

*Union Pump Co.* v. *Allbritton,* 898 S.W.2d 773, 775 (Tex. 1995)..........................13

*Vann v. Bowie Sewerage Co., Inc.,* 90 S.W.2d 561, 562 (Tex. 1936)........................6

*Wadewitz* v. *Montgomery,* 951 S.W.2d 464, 466 (Tex. 1997) ................................12

## *STATUTES*

*Tex. Prop. Code §5.021* ........................................................................8

## STATEMENT OF THE NATURE OF THE CASE

*Nature of the Case:* Plaintiff contended that her house was damaged and she suffered personal injury damages when an air conditioner was negligently installed on November 16, 2011. The alleged negligent installation caused extensive water damage that destroyed the home with an infestation of mold. Plaintiff asserted claims under negligence, the Texas Deceptive Trade Practices Act and fraud.

*Trial Court:* 149th District Court of Brazoria County, Hon. Terri Holder Presiding.

*Proceedings Below:* Defendant filed a series of motions for summary judgment, challenging all of Plaintiff's claims on various grounds, including standing, limitations and no-evidence grounds. CR 150-158; CR 159-166; CR 210-216; CR 235-244; CR 291-293. The trial court disposed of all Plaintiff's claims based on the motions for summary judgment on the grounds that Plaintiff lacked standing and that there was no evidence to support Plaintiff's personal injury damage claims. Based on the summary judgment rulings, the trial court rendered a final, take-nothing judgment against Plaintiff on all claims. Tab A. This appeal followed.

## STATEMENT REGARDING THE RECORD

Citations to the clerk's records will be to the page of the single volume. CR _____.

Citations to items included in the appendix to the Brief of Appellee will be to tab number: Tab _____.

# V.
# ISSUES ON APPEAL

## A. The Standing Issue

Issue I.  Did Plaintiff lack standing to pursue claims for damage to her parents' home when she did not own it?

## B. No Evidence Grounds

Issue II.  Did the trial court properly grant the no-evidence motion for summary judgment as to her claims for personal injury damages?

01-14-0702-CV

IN THE FIRST COURT OF APPEALS FOR TEXAS

**Lynette Starr,**
*Appellant,*

v.

**A.J. Struss & Co.**
*Appellee.*

## BRIEF OF APPELLEE

TO THE HONORABLE COURT OF APPEALS:

Appellee, A. J. Struss Company, LLC ("AJS"), files its Brief of Appellee in support of the final summary judgment rendered by the court below:

## STATEMENT OF FACTS

### I. Procedural History.

### A. Plaintiff Filed Her Lawsuit.

On October 10, 2012, Plaintiff Lynette Starr, as the only party, filed her Original Petition. CR 7. In it, she alleged that she contracted with AJS to install an HVAC system in "her home." CR 8. Plaintiff alleged the HVAC system was negligently installed in her attic causing a major ceiling leak. CR 8-9. There was resulting mold infestation. CR 8.

Plaintiff sought damages of loss home equity, loss of use of the home, costs of repair to the house, cost of mold remediation, severe physical pain and mental anguish, as well as reasonable and necessary medical services. CR 9-10.

**B.    The Ray Starr Affidavit.**

In her response to Defendant's Motion for Summary Judgment based on lack of standing, Plaintiff attached an affidavit from Ray Starr. CR 170-171. The affidavit was executed on June 9, 2014, by Mr. Starr, the day before the response was filed. CR 171. In paragraph 5 of the affidavit, he recited that he gave the house to Lynette Starr in 2005. CR 170. No deed was made. *Id.* The affidavit also stated that he executed a Durable Power of Attorney in favor of Plaintiff in January 2014. AJS filed an objection to the Durable Power of Attorney (CR 254-255) which was granted by the trial court. (CR 297-298).

**C.    Plaintiff Filed Last Petition.**

On February 28, 2014, Plaintiff filed her Third Amended Original Petition. CR 105. Once again, there is no other party and there is no mention that she was assigned causes of action or that she represented her parents. She alleged negligence, fraud and DTPA violations. CR 105-110. Her damage claim was for the following in the past and future: (1) physical pain and mental anguish, (2) lost home equity, (3) loss of use of the home, (4) reasonable and necessary medical expenses, (5) cost of repair, and (6) cost of mold remediation. CR 110-111. There

2

was no mention that any personal property of Lynette Starr was damaged and she did not make a claim for same.

## II.    Summary Judgment Proceedings.

### A.    The Motion for Summary Judgment on the Standing Issue.

After conducting discovery, AJS filed a motion for summary judgment that Plaintiff lacked standing to pursue a claim for alleged damage to a home that she did not own. Indeed, Plaintiff effectively admitted this point:

Q.    Who owns the -- and when I say "the house" can we have an understanding that I'm referring to 25015 County Road 46? In the course of this deposition when I refer to "the house" or "the home," can we have an agreement that we're talking about 25015 County Road 46?
A.    Yes, sir.
Q.    Who owns the house?
A.    My parents.
Q.    What are their names?
A.    Ray Starr, Sharron Starr.
Q.    Do they still live at the house?
A.    Not in the home.
Q.    They staying with someone?
A.    Now they have a camper.
Q.    That's located on the property?
A.    Yes, sir.

CR 160 (Starr Depo.) Ray Starr and Shannon Starr have never been parties to this suit. There was no evidence that Plaintiff complied with the statute of frauds by presenting a writing executed at the time she filed suit establishing that Plaintiff owned the property.

3

**B.      The No Evidence Motion for Summary Judgment.**

In this case, Plaintiff alleged that she developed infections, allergies, skin conditions of various sorts, along with occasional respiratory issues due to exposure to toxic mold. For example, she claimed that she "had non-stop issues with [her] skin" and had "developed more allergies or [sic] reactions." CR 151. She also complained that the mold infection "ended up getting into [her] teeth and jaws...." *Id.* Defendant filed a no evidence motion for summary judgment arguing that there was no evidence that established a causal connection between alleged exposure to mold and Plaintiff's injuries and damages. Indeed, Plaintiff was unable to produce any medical evidence that established alleged exposure to toxic mold caused any of the alleged health issues.

**C.      Judge Holder Granted Summary Judgment on All of Plaintiff's Claims.**

On July 7, 2014, there was a hearing before Judge Holder on all pending motions for summary judgment and objections to summary judgment evidence. CR 297-298. The Court granted Defendant's motion for summary judgment relating to the standing issue and the no evidence motion for summary judgment concerning Plaintiff's personal injury claims because of an absence of expert testimony. *Id.* The Court concluded that the Court's rulings served as a "Final Judgment because they disposed of all of Plaintiff's claims." *Id.*

## SUMMARY OF ARGUMENT

Texas law provides that standing is a prerequisite to maintaining a suit. Under Texas law, a party has standing to bring suit if (1) it has suffered a distinct injury, and (2) there exists a real controversy that will be determined by judicial determination sought. Plaintiff did not own the property when the incident occurred or when she filed suit. To have standing to sue for property damage, Plaintiff must show that she owned the property at the time of the alleged injury. Because a trial court determines jurisdiction at the time suit is filed, Plaintiff cannot establish jurisdiction in June 2014 as a result of an affidavit stating that Plaintiff's father intended to give her the property.

Plaintiff produced no medical records or testimony that established that she developed bone infections, respiratory infections, skin infections or any other malady due to alleged exposure to toxic mold. Texas law clearly requires a Plaintiff, in an exposure case, to prove the levels of exposure that are dangerous to humans generally, and must prove the actual level of exposure of Plaintiff to the toxic mold. Plaintiff has not even come close to meeting the threshold requirements.

## ARGUMENT

### A. Standard of Review

An appellate court may review and affirm the standing of summary judgment on any ground the movant presented to the trial court in its motion for summary judgment, regardless of whether the trial court identified the ground relied on to grant the summary judgment. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625-26 (Tex. 1996). Thus, if any ground for summary judgment presented to the trial court has merit, this Court should affirm the trial Court's final judgment on that basis.

## A. THE STANDING ISSUE

**ISSUE I:** **Did Plaintiff Lack Standing to Pursue Claims for Damage to her Parents' Home When She Did Not Own It?**

Standing is a constitutional prerequisite to maintaining suit. *Tex. Ass'n of Bus. V. Tex. Arr. Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). The absence of standing may be raised by a motion for summary judgment. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 559 (Tex. 2000). Under Texas law, a party has standing to bring a suit if (1) it has suffered a distinct injury, and (2) there exists a real controversy that will be determined by the judicial determination sought. *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001).

In Texas, to have standing to sue for property damage, a Plaintiff must show that he owned the property at the time of the alleged injury or, if he did not own the property at that time, that he was expressly assigned the causes of action for property damage. *Vann v. Bowie Sewerage Co., Inc.*, 90 S.W.2d 561, 562 (Tex.

6

1936); *Exxon v. Pluff*, 94 S.W.3d 22, 26-28 (Tex. App.-Tyler 2002, pet. den'd.) Texas case law consistently holds that the property owner at the time the damage occurs has the right of action for all the damages. *Exxon Corp. v. Emerald Oil & Gas, Co., L.C.*, 331 S.W.3d 414, 424 (Tex. 2010); *Senn v. Texaco, Inc.*, 55 S.W.3d 222, 225 (Tex. App.-Eastland 2001, pet. den'd) (explaining that the right to sue for both permanent and temporary injures to land belongs to the person owning the land when the injury commences, and does not "run with the land.")

This rule makes sense for a number of reasons. For example, a purchaser of "injured" property is presumed to have paid a price that reflects the land's diminished utility. *Gorelick v. State of Texas*, 572 F. Supp. 301, 306 (E.D. Tex. 1983). Allowing a subsequent purchaser to recover damages from the injury would provide it a windfall. *Id.* Similarly, standing must exist at the time a Plaintiff files suit and must continue to exist between the parties at every stage of the legal proceedings, including the appeal; if the Plaintiff lacks standing at the time suit is filed, the case must be dismissed, even if the Plaintiff later acquires an interest to support standing. *Martin v. Clinical Pathology Labs, Inc.*, 343 S.W.3d 885, 888 (Tex. App.-Dallas 2011, pet denied); *Bell v. Moores*, 832 S.W.2d 749, 754 (Tex. App.-Houston [14th Dist] 1992, writ denied) ("A trial court determined its jurisdiction at the time a suit is field. At that time, the court either has jurisdiction or it does not. Jurisdiction cannot be acquired while the suit is pending.")

7

Based on Ray Starr's June 9, 2014, affidavit, Plaintiff contends that she was orally given the house and property by her parents in 2005. CR 170. However, there is no written document reflecting transfer of ownership of the house and property to Plaintiff. The statute of frauds mandates that a conveyance of "an estate of inheritance, a freehold or an estate for more than one year, in land and tenements, must be in writing and must be subscribed and delivered by the conveyor or by the conveyor's agent authorized in writing." Tex. Prop. Code §5.021.

Plaintiff's apparent claim that she had "equitable title" at the time she filed the lawsuit confounds the concept of "equitable title." Plaintiff uses the phrase "equitable title" as if it must apply to her situation. As noted in the case cited by Plaintiff/Appellant, *City of Houston v. Guthrie*, 332 S.W.3d 578, 588 (Tex. App.-Houston [1st Dist.] 2009, pet denied), "equitable title" is an "enforceable right to have legal title transferred to holder of equity." *Guthrie*, 332 S.W.3d at 588. Starr has not demonstrated that she had an "enforceable right" at the time she filed her lawsuit to have legal title transferred to her. Starr concedes on page 4 of her brief that "equitable title" is a right "to have legal title to real estate transferred to the owner of the right upon the *performance of specified conditions*," citing *Guthrie*, 332 S.W.3d at 558 (emphasis added).

8

On the other hand, Starr failed to identify the specific condition to be performed that is the predicate for transference of a legal right to real estate. In short, under Texas law, "an entity holds equitable title when it possesses the present right to have legal title." *Harris County Appraisal Dist. v. Primrose Houston Housing, L.P.,* 238 S.W.3d 782, 787 (Tex. App.-Houston [1st Dist.] 2007, no pet.) Simply put, sometime in 2005, Ray Starr told Lynette Starr he *would give* her the house and property (according to his June 9, 2014, affidavit). There was no enforceable right or condition to be performed by Lynette Starr.

Starr incorrectly argued that she had right to bring the claims for her parents, (acknowledging that she did not own them), because she had the Durable Power of Attorney signed by her father. Because the trial court sustained AJS' objection to the Durable Power of Attorney, this argument is baseless. CR 297; TAB A. Starr did not appeal the portion of the trial court's order sustaining the objection to the "Durable Power of Attorney." Therefore, she did not have any rights under the Durable Power of Attorney.

Starr claims that she has standing to sue for damage to her personal property. However, in her Third Amended Original petition, she did not claim damages to any personal property allegedly due to mold, Further, even if she had made the allegation, there was no evidence of damage to personal property presented to the trial court.

## B. NO EVIDENCE GROUNDS

**ISSUE II:** **Did The Trial Court Properly Grant the No Evidence Motion for Summary Judgment as to Her Claims for Personal Injury Damages?**

In arguing that the trial court erred in granting Defendant's no evidence motion for summary judgment, the Appellant mystifyingly claimed that "[t]here is no case law that allergies to common molds is necessarily a "toxic tort" subject to the enhanced medical expert requirement,"[1] and then cites *Plunkett v. Conn. Gen. Life Ins. Co.*, 285 S.W.3d 106 (Tex. App.-Dallas 2009, pet denied). The Appellant then quotes a sentence that references "property damage."[2] Appellant ignored the *Plunkett* opinion's extensive analysis of medical evidence presented by the plaintiffs in response to a no evidence motion for summary judgment in a toxic tort mold case.

As a result, contrary to Starr's claim, *Plunkett* provides a clear road map and instruction on this issue. In that case, residents of an apartment complex alleged damages arising from toxic mold contamination. They brought suit against the complex owner as well as entities involved in the development, construction and management of the complex. Unlike this case, the residents actually had an internist/toxicologist who provided opinions purportedly establishing their alleged personal injuries. *Plunkett,* 285 S.W.3d at 117-118. Nonetheless, the defendants

---

[1] Appellant's Brief, p. 6.
[2] *Id.*

10

moved for summary judgment because of lack of evidence of damage and causation which the trial court granted. The plaintiffs' expert, Dr. Rao, had reviewed information regarding mold exposure and tests administered to some of the plaintiffs. *Id.* However, the expert did not examine any of the plaintiffs personally.

The Plaintiff's expert in *Plunkett,* acknowledged that with regard to residents he had not seen, he was unable to opine with a reasonable degree of medical probability that their health complaints were in fact caused by mold exposure at the complex. *Plunkett,* 285 S.W.3d at 119. However, Dr. Rao also testified that he did not believe it was medically necessary for him to examine the individual residents. He provided an affidavit that the court determined did nothing more than "provide evidence that the type of mold found at the apartment complex is generally capable of causing health problems, but is no evidence of cause in fact of any specific residents' health complaints, and is conclusory." *Plunkett.* 285 S.W.3d at 121.

The *Plunkett* court stated that "expert" opinions must be supported by facts in evidence not "conjecture". *Plunkett,* 285 S.W.3d at 120, quoting *Marathon Corp.* v. *Pitzner,* 106 S.W.3d 724, 729 (Tex. 2003). In deciding summary judgment motions, a trial court should not consider expert opinion based on assumptions of unproven facts. *Rayon* v. *Energy Specialties, Inc., 121*S.W.3d 7, 20 (Tex. App.-Fort Worth 2002, no pet.). Moreover, conclusory expert opinions are

11

(Tex. App.-Fort Worth 2002, no pet.). Moreover, conclusory expert opinions are insufficient to defeat summary judgment. *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997). In the instant matter, even if the Plaintiff had an expert witness providing evidence establishing causation, the witness' testimony must be relevant and based upon a reliable foundation. *Exxon Pipeline Co. v. Zwahr*, 8 S.W.3d 623, 628 (Tex. 2002).

In a toxic tort case, the plaintiff bears the burden of proving both "general" and "specific" causation. *Mobil Oil Corp. v. Bailey*, 187 S.W.3d 265, 270 (Tex. App.-Beaumont 2006, pet. denied). To that end, with regard to a plaintiff's injury, a plaintiff must prove that it was caused by exposure to a particular substance which was capable of causing a particular injury or condition and that the substance in fact caused the plaintiff's injury. *Praytor v. Ford Motor Co.*, 97 S.W.3d 237, 244 (Tex. App.-Houston [14th Dist.] 2002, no pet.). Further, to demonstrate medical causation, the plaintiff must exclude or rule out other potential causes of his alleged symptoms and medical illnesses. *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499-500 (Tex. 1995). "If there are other plausible causes of the injury or condition that could be negated, the [claimant] must offer evidence excluding those causes with a reasonable certainty." *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 727 (Tex. 1998).

Producing or proximate cause is an element of all of the Plaintiffs claims. Cause-in-fact is common to both proximate and producing cause, including the requirement that the Defendant's conduct be a substantial factor in bringing about the injuries in question. *Mack Trucks, Inc.* v. *Tamez,* 206 S.W.3d 572 (Tex. 2006); *Union Pump Co.* v. *Allbritton,* 898 S.W.2d 773, 775 (Tex. 1995). Plaintiff's medical causation evidence is not only legally insufficient, it is non-existent. Moreover, the legal insufficiency present in this case is factually insurmountable. There is no evidence that demonstrates exposure to mold was a cause in fact of her alleged symptoms and medical problems. See *Borg-Warner Corp.* v. *Flores,* 232 S.W.3d 765 (Tex. 2007). At a minimum, the Plaintiff must present reliable testimony satisfying Tex. R. Evid. 702 establishing that she was exposed to a particular substance, in sufficient quantity, that was capable of producing her injuries and conditions. The Texas Supreme Court has held that a person's exposure to "some" respirable asbestos fibers is not sufficient to show that a product containing asbestos was a sufficient factor in causing asbestosis. *Borg-Warner Corp. v. Flores,* 232 S.W.3d 765, 772-73 (Tex. 2007).

The affidavit of Lynette Starr lacks any evidence of mental anguish. To recover for mental anguish, Starr must show by direct evidence "the nature, or severity of ...anguish, thus establishing a substantial disruption in [her] daily routine" or show by other evidence "a high degree of mental pain and distress that

13

is more than mere worry, anxiety, vexation, embarrassment or anger." *Saenz v. Fidelity & Guar. Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996); *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995). In addition, there must be evidence to justify an award of mental anguish. See *Hancock v. Variyan*, 400 S.W.3d 59, 68 (Tex. 2013). Starr failed to present evidence of mental anguish, that is of a "high degree of mental pain and distress." More to the point, there is no evidence that alleged exposure to toxic mold caused any physical malady and concomitant mental anguish.

Starr failed to plead recovery for damages to her personal property. A petition must set out sufficiently specific facts so that an opposing attorney of reasonable competence can ascertain from the pleadings the remedies and damages sought by the Plaintiff. *Rosenboom Machine & Tool, Inc. v. Machala*, 995 S.W.2d 817 S.W.2d 817 (Tex. App.-Houston [1st Dist.] 1999, review denied). Under Texas law, damages must be alleged with specificity. See *Thomas v. Barton Lodge II, Ltd.*, 174 F3d 636 (5th Cir. 1999). Starr did not plead sufficient facts, or any, that she was seeking damages for personal property damages. Failure to plead such damages precludes their recovery because AJS did not have notice that the Plaintiff would suffer such damages. See *Stuart v. Bayless*, 964 S.W2d 920, 921 (Tex. 1998). Moreover, there was no evidence of damage to personal property nor complaints of personal property damaged by AJS conduct.

14

In sum, the trial court correctly determined that there was no evidence to support Starr's claim for personal injury claims based on exposure to mold. Appellee AJS respectfully requests the affirmation of the Order of the trial court.

## CONCLUSION

Based on the foregoing, AJS requests that this Court of Appeals affirm in all respects the order of the trial court finding that Appellant Starr take nothing from AJS.

Respectfully submitted,

_____/s/ Wade R. Quinn_____
Wade R. Quinn
TBA No. 16433600
Lance Olinde, Jr.
TBA No. 15254215
Ramey, Chandler, Quinn & Zito, P.C.
750 Bering Drive, Suite 600
Houston, Texas 77057
713-266-0074 – Phone
713-266-1064 – Fax
Wquinn@ramey-chandler.com
Lolinde@ramey-chandler.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by facsimile, certified mail, return receipt requested, first class U.S. mail, electronic mail by the clerk of the court, and/or by messenger on the ____14th____ day of ____January____, 2014.

Wade R. Quinn
Lance Olinde, Jr.

Savannah Robinson
Law Office of Savannah Robinson
1822 Main
Danbury, Texas 77534

# CERTIFICATION

**STATE OF TEXAS** §

§

**COUNTY OF HARRIS** §

Before me, the undersigned authority, personally appeared **LANCE OLINDE, JR.**, a credible person known unto me who, after being duly sworn by me, did swear and state that he is over twenty one (21) years of age, is of sound mind, has never been convicted of a crime of moral turpitude, that he is one of the attorneys of record for A.J. Struss Company LLC, Appellee in this matter, that as such, he has personal knowledge of the underlying litigation, that he has reviewed the above and foregoing document, and that all the factual statements are within his personal knowledge and are true and correct. Furthermore, all documents contained in the Appendix filed by A.J. Struss Company LLC are true and correct copies of the originals.

Pursuant to Tex. R. App. P. 9.4, this response was generated using Microsoft Word with Times New Roman 14 point font and contains 4571 words.

_____

LANCE OLINDE, JR.

SIGNED and SWORN BEFORE ME, the undersigned authority, on this the ____ day of January, 2015.

LYSANDRA M. RAMIREZ
MY COMMISSION EXPIRES
February 16, 2016

_____

Notary Public

17

# EXHIBIT "A"

FILED
at 2:02 o'clock P

AUG 01 2014

Received for Record
7/24/2014 8:48:53 AM
Rhonda Barchak, District Clerk
Brazoria County, Texas
70046
Kandice Haseloff, Deputy

Clerk of District Court Brazoria Co., Texas
DEPUTY

CAUSE NO. 70046

| | | |
|---|---|---|
| Lynette Starr | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | 149TH Judicial District |
| | § | |
| AJ Struss & Company | § | BRAZORIA COUNTY, TEXAS |

## ORDER ON MOTIONS AND OBJECTIONS HEARD ON JULY 7, 2014

On July 7, 2014, the Court considered the following motions and objections:

1. Defendant A. J. Struss Company, LLC's Motion for Partial Summary Judgment;
2. Defendant A. J. Struss Company, LLC's No Evidence Motion for Summary Judgment Regarding Plaintiff's Personal Injury Allegations;
3. Defendant A. J. Struss Company, LLC's Objection to Summary Judgment Evidence filed on June 10, 2014 (Ray Starr Affidavit);
4. Defendant A. J. Struss Company, LLC's Objection to Durable Power of Attorney;
5. Defendant A. J. Struss Company, LLC's objections and reply to Plaintiff's Response to Defendant's No Evidence Motion for Summary Judgment Regarding Plaintiff's Personal Injury Allegations;
6. Defendant A. J. Struss Company, LLC's Objection to the Affidavit of Lynette Starr; and,
7. Plaintiff's Objection to the records marked as Exhibit "A" purporting to be FEMA records.

The Court, having considered all Motions, objections, responses, replies, briefs and sur-replies by all parties, all evidence, the pleadings on file and arguments of counsel, the Court makes the following rulings. Therefore, it is

ORDERED, ADJUDGED AND DECREED:

1. The Defendant's Objection to Plaintiff's "Undisputed Facts" is sustained;
2. The Defendant's Objection to the affidavit of Lynette Star is overruled;
3. The Plaintiff's Objection to the records marked as "Exhibit A" purporting to be FEMA records is sustained;
4. The Defendant's Objection to Ray Starr's Affidavit is overruled;
5. The Defendant's Objection to the Durable Power of Attorney is sustained;
6. The Motion for Summary Judgment regarding standing is granted as to property damage claims; and
7. The No Evidence Motion for Summary Judgment in regard to a lack of expert witness testimony is granted.

The Court further finds that the rulings in this Order will serve as a Final Judgment because they dispose of all of Plaintiff's claims. Costs of Court will be taxed against the party incurring same.

SIGNED this the ___1st___ day of ___August___, 2014.

_T. Huln_
JUDGE PRESIDING

APPROVED AS TO FORM:

Wade R. Quinn
TBA No. 16433600
Lance Olinde, Jr.
TBA No. 15254215
Ramey, Chandler, Quinn & Zito, P.C.
One Bering Park
750 Bering Drive, Suite 600
Houston, Texas 77057
713-266-0074 - Phone
713-266-1064 - Fax
Wquinn@ramey-chandler.com
Attorneys for Defendant,
A.J. Struss Company LLC


Savannah Robinson
TBA No. 17108150
Law Office of Savannah Robinson
1822 Main
Danbury, Texas 77534
979-922-8825 – Phone
979-922-8857 – Fax
savannahrobinson@aol.com
Attorney for Plaintiff,
Lynette Starr

2